NOT DESIGNATED FOR PUBLICATION

No. 114,789

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO RAYMOND BLAYLOCK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed March 3, 2017. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *James Crux*, legal intern, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*:  Antonio Raymond Blaylock, having pleaded guilty to burglary and felony theft, was ordered to pay restitution. Both the victim of his crimes and a subrogation company hired by the victim's insurance company requested restitution. On appeal, Blaylock claims that the district court lacked the statutory authority to order him to pay the subrogation company restitution. Because the subrogation company was an aggrieved party under K.S.A. 2014 Supp. 21-6607(c)(2), we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, Blaylock pleaded guilty to burglary and felony theft. According to the presentence investigation report (PSI), the victim requested $500 in restitution to pay her insurance deductible. The PSI also indicated that Paragon Subrogation Services (Paragon) requested $2,903.65 in restitution to cover the amount that its client, Allstate Insurance, paid out under the victim's insurance policy. The total amount of restitution requested was $3,403.65.

The district court sentenced Blaylock to 36 months in prison but granted him probation for 24 months. The victim's restitution request was not contested, but Blaylock objected to the State's request that he pay Paragon, arguing that insurance companies should not benefit from restitution because they receive premiums in exchange for covering losses under the policy. The district court overruled Blaylock's objection and ordered Blaylock to pay the total amount of restitution requested in the PSI.

Blaylock timely appeals.

DID THE DISTRICT COURT ERR BY ORDERING BLAYLOCK TO PAY
RESTITUTION TO PARAGON?

On appeal, Blaylock claims that the district court did not have the statutory authority to grant Paragon restitution because it was not an aggrieved party under K.S.A. 2014 Supp. 21-6607(c). Because answering this question involves the interpretation of the restitution statute, it is a question of law over which we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

As an initial matter, Blaylock concedes that the basis for his objection below is different than his argument before us. Although Blaylock is raising a new issue for the

2

first time on appeal, we will consider it as the issue involves only a question of law arising on proved or admitted facts and is finally determinative of the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014) (stating exceptions to general rule that issues may not be raised for first time on appeal).

In criminal cases, a district court's authority to order restitution is statutory. *State v. Miller*, 51 Kan. App. 2d 869, 872, 355 P.3d 716 (2015). K.S.A. 2014 Supp. 21-6607(c)(2) states that in addition to other conditions of probation, a district court shall order the defendant to "make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime." Our Supreme Court has held that the term "'[a]ggrieved party' includes a secondarily or tertiarily aggrieved party." *State v. Beechum*, 251 Kan. 194, Syl. ¶ 3, 833 P.2d 988 (1992). Kansas courts have also held that an insurance company paying claims under a crime victim's policy becomes an aggrieved party. See *State v. Hand*, 45 Kan. App. 2d 898, Syl. ¶ 3, 257 P.3d 780 (2011), *rev'd on other grounds* 297 Kan. 734, 304 P.3d 1234 (2013); *State v. Jones*, No. 106,750, 2012 WL 4121119, at *3 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1252 (2013).

Here, Paragon was an aggrieved party under K.S.A. 2014 Supp. 21-6607(c)(2). Allstate, as the insurance company that paid the victim according to her policy, became an aggrieved party. See *Hand*, 45 Kan. App. 2d 898, Syl. ¶ 3. And Paragon, as a subrogation company hired by Allstate, merely took Allstate's place as an aggrieved party. See *Hartford Fire Ins. Co. v. Western Fire Ins. Co.*, 226 Kan. 197, 206, 597 P.2d 622 (1979) (defining subrogation). Allstate essentially transferred its loss to Paragon. Because it was hired to take the place of its client who suffered loss created by Blaylock's crimes, Paragon was an aggrieved party. Therefore, the district court did not err in ordering Blaylock to pay Paragon restitution.

Affirmed.

3