IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,572

STATE OF KANSAS,
*Appellee*,

v.

TAYLOR ARNETT,
*Appellant.*

SYLLABUS BY THE COURT

1.

An issue not briefed by an appellant is deemed waived and abandoned.

2.

We do not consider issues that a party raises for the first time in a letter filed under Supreme Court Rule 6.09(b) (2018 Kan. S. Ct. R. 39).

3.

When considering a restitution order, we review a district court's factual findings relating to the causal link between the crime committed and the victim's loss for substantial competent evidence. Our review of a legal conclusion regarding the interpretation of the restitution statute is de novo.

4.

When interpreting a statute, we give effect to its plain and unambiguous language. We will not read into the statute words not readily found there. If the language of the statute is unclear or ambiguous, we turn to canons of statutory construction, consult

1

legislative history, or consider other background information to ascertain the statute's meaning.

5.

To establish that one thing proximately caused another, a party must prove two elements: cause-in-fact and legal causation. Generally, causation-in-fact requires proof that it is more likely than not that, but for the defendant's conduct, the result would not have occurred. Legal cause limits the defendant's liability even when his or her conduct was the cause-in-fact of a result by requiring that the defendant is only liable when it was foreseeable that the defendant's conduct might have created a risk of the harm and the result of that conduct and any contributing causes were foreseeable.

6.

When causation is based on a chain of events, an intervening cause may absolve the defendant of liability. If the intervening cause is foreseen or might reasonably have been foreseen by the defendant, his or her conduct may still be considered to have proximately caused the result.

7.

The causal link between a defendant's crime and the restitution damages for which the defendant is held liable must satisfy the traditional elements of proximate cause: cause-in-fact and legal causation.

Review of the judgment of the Court of Appeals in an unpublished opinion filed November 6, 2015. Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed March 23, 2018. Judgment of the Court of Appeals vacating the district court's order of restitution is reversed. The case is remanded to the Court of Appeals with directions.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, argued the cause, and *Alan T. Fogleman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: The State appeals the Court of Appeals' decision vacating the district court's order of restitution. We reverse the Court of Appeals and remand the case to the Court of Appeals for further review consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2013, Taylor Arnett lent her mother's car to Joseph Stroble and Brandon Bryant so the two could break into houses. Allegedly, Stroble and Bryant then burglarized two different houses, damaging one in the process, and stole over $50,000 worth of property. Stroble returned the car to Arnett later that evening and gave her $200.

Arnett pleaded guilty to conspiracy to commit burglary, and the State agreed not to charge her with any other offenses. The district court sentenced Arnett to 5 months' imprisonment, suspended the imposition of her prison sentence, and placed her on 12 months of supervised probation.

The district court held a separate hearing on restitution. The State sought $33,248.83 in restitution—$31,646.66 for property loss from the thefts, $402.17 for "out-of-pocket expense[s]" of one of the homeowners, and $1,200 for damage to one of the homes as a result of the burglary. Arnett argued that she should only be ordered to pay

3

$200—the amount she received from Stroble. The district court disagreed with Arnett and ordered the restitution requested by the State, holding Arnett jointly and severally liable with Stroble and Bryant for the full amount.

Arnett appealed the restitution order to the Court of Appeals, arguing that restitution violates Section 5 of the Kansas Constitution Bill of Rights, that restitution violates *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and that the State failed to submit evidence to support the amount of restitution ordered. The Court of Appeals considered Arnett's original argument to the district court—that she was not liable for the entire restitution amount—and decided the case on that issue. *State v. Arnett*, No. 112,572, 2015 WL 6835244 (Kan. App. 2015) (unpublished opinion). The panel held that the district court erred in ordering Arnett to pay restitution because her crime of conspiracy to commit burglary did not cause the damages. The panel reversed and vacated the order of restitution. 2015 WL 6835244, at *2.

We granted the State's petition for review.

ANALYSIS

The State contends that Arnett failed to preserve this issue for review because she did not present it in the district court or in her appellate brief. The State asserts that Arnett addressed this issue for the first time in a letter to the Court of Appeals filed under Supreme Court Rule 6.09(b) (2018 Kan. S. Ct. R. 39). Alternatively, the State argues that the Court of Appeals misinterpreted the restitution statute when it concluded that the crime of conspiracy to commit burglary does not cause any damages that result from the corresponding crimes of burglary, theft, or criminal damage to property. We address the State's preservation argument first.

4

*Preservation*

"An issue not briefed by an appellant is deemed waived and abandoned." *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). We do not consider issues that a party raises for the first time in a Rule 6.09(b) letter. *State v. Tague*, 296 Kan. 993, 1010, 298 P.3d 273 (2013).

At the restitution hearing, the State asserted that the parties agreed upon the amounts the State was seeking for restitution. Arnett did not disagree with this. Instead, she argued that she should only be ordered to pay restitution "commensurate with her level of involvement." Because she was unaware of the specific details surrounding the burglaries, like how many would occur and where, Arnett argued that she should be held responsible for only the $200 that she received.

The district court ruled that Arnett was liable for the entire amount of restitution because the applicable statute authorized the court to order restitution for the damages caused by Arnett's crimes, and Arnett had aided and abetted the crimes that resulted in the damages when she provided the vehicle.

On appeal, Arnett abandoned this argument. While she still challenged the restitution order, she argued that the Court of Appeals should vacate the order for three reasons:  (1) the imposition of restitution violates Section 5 of the Kansas Constitution; (2) the imposition of restitution violates the *Apprendi* rule; and (3) the State failed to present evidence that the crimes associated with the conspiracy caused $33,248.83 in damages.

After both parties submitted their appellate briefs, but before oral argument, Arnett submitted a Rule 6.09(b) letter to the Court of Appeals citing *State v. Miller*, 51 Kan. App. 2d 869, 355 P.3d 716 (2015). In that letter, Arnett asserted that *Miller* supplemented and supported her third issue regarding the amount of restitution because the *Miller* panel held: "When a defendant is convicted for burglary, restitution cannot be awarded for the loss of items stolen during the burglary when the defendant was not convicted for the theft of those items, unless the defendant agrees to the restitution." 51 Kan. App. 2d 869, Syl. ¶ 2.

The argument Arnett presented in her Rule 6.09(b) letter is different from the third argument presented in the appellate brief. In her brief, Arnett takes issue with the lack of evidence supporting the valuation of damages. In her Rule 6.09(b) letter, Arnett insinuates a legal argument that a person convicted of conspiracy to commit burglary cannot be held liable for losses or damages resulting from any burglaries or thefts that occur.

Nonetheless, the Court of Appeals addressed the argument raised in the Rule 6.09(b) letter and ultimately decided the case on that issue without considering the issues Arnett presented in her brief. *Arnett*, 2015 WL 6835244.

We conclude that Arnett abandoned any argument regarding whether her crime of conspiracy caused the alleged damages, and, therefore, the panel's consideration of this issue was more generous than strictly necessary when it decided the determinative merit of the issue. Even if Arnett's arguments in the district court adequately preserved the issue, her failure to brief the issue in the Court of Appeals would have precluded appellate review. See *City of Roeland Park v. Jasan Trust*, 281 Kan. 668, 673, 132 P.3d 943 (2006); *McGinley v. Bank of America, N.A.*, 279 Kan. 426, 444, 109 P.3d 1146 (2005). To the extent that Arnett addressed the issue in her Rule 6.09(b) letter, that did

not resurrect the issue for appeal because, as we explained in *Tague*, "Rule 6.09(b) letters are reserved for citing significant relevant authorities not previously cited which come to a party's attention after briefing. . . . [A]n appellate court will not consider new issues raised for the first time in a party's Rule 6.09(b) letter." 296 Kan. at 1010-11.

Despite the abandonment of the issue, we will consider this issue's merits. In *State v. Bell*, 258 Kan. 123, 899 P.2d 1000 (1995), we faced an analogous scenario when the Court of Appeals considered an issue that the parties had not argued. There, we reiterated the general rule that an appellate court will not consider an issue not raised in the trial court. 258 Kan. at 126. We explained that the rule prevents an appellate court from considering an issue sua sponte because the parties will not have had the opportunity to brief the issue or present their arguments to the appellate court. 258 Kan. at 126-27. However, we concluded that we had the authority in that case to review an issue the Court of Appeals considered sua sponte because we granted the petition for review and the parties had submitted supplemental briefs to this court. 258 Kan. at 127.

As in *Bell,* the parties have had an opportunity to present their arguments to this court. The State briefed the issue in its Petition for Review, which we granted, and both parties addressed the issue at oral argument. Therefore, we move forward to the merits.

*Does K.S.A. 2016 Supp. 21-6607(c) support the restitution order?*

The State argues that the Court of Appeals misinterpreted the restitution statute when it concluded that K.S.A. 2014 Supp. 21-6607(c) did not support the restitution order because there was no causal connection between Arnett's crime and the damages.

Generally, "'[a] district court's factual findings relating to the causal link between the crime committed and the victim's loss'" are reviewed for substantial competent

evidence. *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017) (quoting *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 [2016]). Our review of the panel's legal conclusion regarding the interpretation of the restitution statute is de novo. See *Gannon v. State*, 303 Kan. 682, 700, 368 P.3d 1024 (2016).

When interpreting a statute, we must give effect to its plain and unambiguous language. We will not read into the statute words not readily found there. If the language of the statute is unclear or ambiguous, we turn to canons of statutory construction, consult legislative history, or consider other background information to ascertain the statute's meaning. *Hoesli v. Triplett, Inc.*, 303 Kan. 358, 362, 361 P.3d 504 (2015).

K.S.A. 2016 Supp. 21-6607(c)(2) addresses restitution orders that are imposed as a term of probation. It provides that "the court shall order the defendant to . . . make reparation or restitution to the aggrieved party for the damage or loss *caused by the defendant's crime* . . . ." (Emphasis added.)

The Court of Appeals panel concluded that Arnett could not be held liable for the damages alleged in this case because they were a result of burglary, theft, and criminal damage to property, and Arnett was not convicted of those crimes. In its analysis, the panel reasoned that Arnett's crime of conspiracy "did not *directly* cause the actual burglaries, thefts, or damage to property." (Emphasis added.) *Arnett*, 2015 WL 6835244, at *2.

We conclude the panel misinterpreted the restitution statute when it read into its meaning a requirement that the crime of conviction have a *direct* causal link to any damages. As we said in *State v. Hand*, 297 Kan. 734, 739, 304 P.3d 1234 (2013), the restitution "statute's reference to damage or loss 'caused by' a defendant's crime is not modified by the adverb 'directly.'" We reiterated this observation in *State v. Hall*, 298

8

Kan. 978, 990, 319 P.3d 506 (2014), when we explained that, "[a]lthough not all tangential costs incurred as a result of a crime should be the subject of restitution, . . . there is no requirement that the damage or loss be 'directly' caused by the defendant's crime."

Although we disagree with the panel's narrow interpretation, we agree that there must be some limit to the defendant's liability. If there is none, a defendant may be held financially liable for remote and minimally related damages. Because we must construe a statute to avoid unreasonable or absurd results, we will not read this meaning into the Legislature's words. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106 (2013).

The extent to which a defendant's responsibility for restitution should be limited is a more elusive notion; there is no legislative history that assists us in knowing how far down a chain of causation a defendant's liability should extend. However, this court has considered liability based on a theory of causation in other contexts many times. Because our lawmakers adopted the restitution statute against this backdrop, we find the caselaw informative. See *Paroline v. United States*, 572 U.S.__, 134 S. Ct. 1710, 1721, 188 L. Ed. 2d 714 (2014) (considering the legal tradition against which Congress legislated when interpreting a statute).

In both the criminal and civil context, we routinely require a showing of causation to demonstrate that one thing was the proximate cause of another. See, e.g., *Puckett v. Mt. Carmel Regional Med. Center*, 290 Kan. 406, 420, 228 P.3d 1048 (2010) (plaintiff must show health care provider proximately caused injury in medical malpractice claim); *State v. Scott*, 285 Kan. 366, 372, 171 P.3d 639 (2007) (under involuntary manslaughter statute, State must prove defendant's behavior proximately caused victim's death). To establish that one thing proximately caused another, a party must prove two elements:

cause-in-fact and legal causation. Together, these elements limit a defendant's liability to "'those consequences that are *probable* according to ordinary and usual experience.'" *Puckett*, 290 Kan. at 420.

Generally, causation-in-fact requires proof that it is more likely than not that, but for the defendant's conduct, the result would not have occurred. *Puckett*, 290 Kan. at 420.

Legal cause limits the defendant's liability even when his or her conduct was the cause-in-fact of a result by requiring that the defendant is only liable when it was foreseeable that the defendant's conduct might have created a risk of harm and the result of that conduct and any contributing causes were foreseeable. When causation is based on a chain of events, an intervening cause may absolve the defendant of liability. However, "[i]f the intervening cause is foreseen or might reasonably have been foreseen" by the defendant, his or her conduct may still be considered to have proximately caused the result. *Puckett*, 290 Kan. at 421.

While we have not explicitly embraced proximate cause when considering restitution, we have implicitly done so. As we noted earlier, in *Hall* and *Hand*, we held that the restitution statute does not require that loss be "'directly'" caused by the defendant's crime. *Hall*, 298 Kan. at 990; *Hand*, 297 Kan. at 739. And in *State v. Alcala*, 301 Kan. 832, 839, 348 P.3d 570 (2015), we concluded that substantial competent evidence supported the district court's restitution order when the defendant's actions "set in motion a foreseeable chain reaction" that led to the damages.

Today, we explicitly conclude that the causal link between a defendant's crime and the restitution damages for which the defendant is held liable must satisfy the traditional elements of proximate cause: cause-in-fact and legal causation. We reverse the Court of

10

Appeals decision holding that the restitution statute requires a direct causal connection between the crime and the damages.

We would be inclined to remand this case to the district court for reconsideration under the proper legal standard. However, it is clear from the record that the district court utilized this standard in its analysis.

The district court did not explicitly declare Arnett's crime to have been the cause-in-fact and the legal cause of the alleged damages. But, when ruling from the bench, the district court judge said:

> "I understand from the proffer and from the affidavit that the allegations were that the defendant allowed a Defendant Stroble to use her car to commit the crimes; that she knew what they were going to do; and that by providing them a vehicle, she aided and abetted them in the commission of that crime. She entered into a conspiracy, and that's the crime that she pled to. Without that vehicle, they would not have been able to commit the crimes."

From this language, it is apparent to us that the district court concluded that, but for Arnett's crime, the subsequent crimes which resulted in the damages would not have occurred and that the resulting damages were a foreseeable result of Arnett's criminal actions.

Arnett did not challenge this factual determination on appeal. And because the Court of Appeals concluded, as a matter of law, that conspiracy to commit burglary does not cause damages that result from a corresponding burglary, theft, or criminal damage to property, it did not consider whether the facts showed a causal connection in this case. As a result, we do not reconsider the district court's factual conclusions.

11

Because the Court of Appeals decided that the statute did not support the restitution order, it did not address the arguments presented in Arnett's brief: that restitution violates Section 5 of the Kansas Constitution and is contrary to *Apprendi,* 530 U.S. 466, and that the State failed to submit evidence to support the valuation of the damages. Our decision to reverse the Court of Appeals leaves the resolution of these issues and Arnett's appeal undecided. Therefore, we remand the case to the Court of Appeals to consider these issues.

The Court of Appeals decision holding that conspiracy to commit burglary does not legally cause damages that result from a corresponding burglary, theft, or criminal damage to property and vacating the order of restitution is reversed. The case is remanded to the Court of Appeals for consideration of the issues that Arnett presented in her brief to the Court of Appeals.