IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,160

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER SCOTT FUTRELL,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under K.S.A. 2017 Supp. 21-6607(c)(2), a district court can order the defendant to pay restitution for any damages proximately caused by the crime of conviction.

Review of the judgment of the Court of Appeals in 53 Kan. App. 2d 272, 387 P.3d 176 (2016). Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed June 8, 2018. Judgment of the Court of Appeals affirming in part and reversing in part the district court is affirmed in part and reversed in part. Judgment of the district court is affirmed in part and vacated in part. The case is remanded to the district court with directions.

*Rick Kittel,* of Kansas Appellate Defender Office, was on the brief for appellant.

*Barry K. Disney*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Christopher Futrell requests this court's review of the portion of the Court of Appeals decision affirming the district court's order of restitution. We reverse

this portion of the Court of Appeals decision and remand the case to the district court for a new hearing on restitution.

FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2015, Ryan Platt's vehicle was parked at an event that his business, RP Entertainment, was hosting. Platt alleged that, on that evening, someone smashed one of the windows of his vehicle and took approximately $5,000 in cash from within.

Almost three weeks later, Platt reported another crime. He claimed that, on February 20, 2015, someone cut open the screen door to his home, entered his house, and took his wife's wedding ring and some cash stored in a briefcase. Platt also alleged that someone stole more cash from the console of a vehicle parked at his home.

Platt told police that he believed that one of his employees, Christopher Futrell, was responsible for the burglaries and thefts. Police obtained a warrant to search Futrell's house. Upon executing the warrant, the police found a safe that contained Platt's wife's wedding ring, $604 in cash, receipts for cash purchases beginning January 31, 2015, that totaled over $1,000, and a receipt for the purchase of a motorcycle on February 12, 2015, for more than $6,000. A motorcycle was also located at Futrell's house. The ring was eventually returned to Platt.

Futrell was charged with burglary and theft for the break-in of Platt's vehicle on January 31, 2015, and burglary and theft for the break-in of Platt's house on February 20, 2015.

Before the case went to trial, the State and Futrell entered into a plea agreement. Futrell agreed to plead no contest to the residential burglary of Platt's home in exchange

2

for the State dismissing all other charges, including all theft charges. The agreement further provided that the State would dismiss a separate and unrelated case against Futrell, in which he was alleged to have smashed Emily Foye's cell phone, causing $500 in damage. With regard to restitution, the agreement stated that "[t]he issue of restitution is open, including whether a motorcycle seized during a search of the defendant's home was converted from stolen property and should be forfeited by the defendant." The agreement also provided that "the parties agree that the State may ask for restitution" for the alleged damage to the cell phone in the separate case.

Futrell entered a plea of no contest to the burglary of the Platt residence, and the remaining counts and separate case were dismissed.

Prior to sentencing, Futrell filed a motion requesting that the court order restitution only for the $250 in damage caused to the screen door in the residential burglary, because, pursuant to the reasoning in *State v. Miller*, 51 Kan. App. 2d 869, 355 P.3d 716 (2015), that was the only damage "caused" by his crime of burglary.

At the sentencing hearing, the State sought restitution for the following damages: $250 for the broken screen door; $680 for the money missing from Platt's home and vehicle on February 20; $303.41 for the broken window on Platt's vehicle; $6,220 for the cash missing from Platt's vehicle on January 31; and $500 for the damage to Foye's cell phone. Futrell renewed his argument that the court could only order him to pay $250 in restitution for the damage to the screen door.

The court sentenced Futrell to 12 months' imprisonment, suspended the imposition of his prison sentence, and placed him on 24 months of supervised probation. The court then denied Futrell's motion to limit restitution to $250 and ordered the restitution as requested by the State.

3

Futrell appealed the restitution order to the Court of Appeals, arguing that, under *Miller*, the district court could only order him to pay restitution for the broken screen door. A majority of the panel, after disagreeing with the analysis in *Miller*, affirmed the order with respect to the $250 for the damage to the screen door and the $680 missing from Platt's home and vehicle on February 20, because those damages had a sufficient causal connection to the crime of conviction. The majority also affirmed the order that Futrell pay $500 for the damage to the cell phone, after concluding that Futrell had agreed to pay restitution for damages caused to the phone in the plea agreement. But the majority vacated the order that Futrell pay for the damage to Platt's vehicle and the money missing from his vehicle on January 31 after concluding that the burglary had not caused those damages. Judge Steve Leben, the author of *Miller*, concurred in part and dissented in part. He agreed that the court could order Futrell to pay for the damage to the cell phone and could not order him to pay for any damage arising from the incidents on January 31, but wrote that the panel should have also vacated the portion of the order mandating that Futrell pay for the $680 missing from Platt's home and vehicle on February 20. *State v. Futrell*, 53 Kan. App. 2d 272, 282-83, 387 P.3d 176 (2016) (Leben, J., concurring and dissenting).

We granted Futrell's petition for review.

ANALYSIS

Futrell argues that the Court of Appeals erred when it affirmed the portion of the restitution order requiring him to pay $680 for the money taken from Platt's home and vehicle on February 20. Futrell reasons that the district court can only order him to pay for damages caused by his crime of conviction and burglary does not cause damages that result from a corresponding theft. Futrell does not contest the portion of the Court of

4

Appeals decision affirming the order that he pay $250 for the damage to the screen door and $500 for the damage to Foye's cell phone.

We recently resolved the issue governing this case. In *State v. Arnett*, 307 Kan. 648, 413 P.3d 787 (2018), we considered whether a defendant convicted of conspiracy to commit burglary could be ordered to pay restitution for damages allegedly caused by her codefendants during corresponding burglaries and thefts under K.S.A. 2017 Supp. 21-6607(c)(2). We held that a district court can order a defendant to pay restitution for any damages that are proximately caused by the crime of conviction.

Neither the district court nor the Court of Appeals had the advantage of the *Arnett* decision when calculating or considering the restitution order here. Therefore, we must reverse the portion of the Court of Appeals opinion affirming the order that Futrell pay $680 in restitution and remand to the district court for a new restitution hearing under the proper legal standard. See *State v. Garcia*, 295 Kan. 53, 283 P.3d 165 (2012) (reversing and remanding for new hearing when it was unclear if the district court used proper legal standard).

We note that we reached a different dispositional result in *Arnett*. There, we affirmed the district court's restitution order because it was clear the court had utilized a proximate cause analysis when considering what damages Arnett's crime had caused. We cannot impose the same result here because the district judge did not explain his reasoning when he ordered restitution. Unsure of what causation standard the court used, we will not affirm the order.

We also decline to conduct an independent application of the *Arnett* standard to the facts here. While this would promote judicial economy, we are constricted by a factual deficiency in the record. The State alleged that a portion of the $680 that was

5

missing on February 20 had been taken from Platt's vehicle, but the record does not reveal whether the vehicle was parked in a garage attached to the home, on the driveway, or somewhere else. Because this fact may impact whether the residential burglary caused the theft of the items from the vehicle, in its absence, we are not equipped to consider the question.

CONCLUSION

We affirm the portion of the Court of Appeals decision upholding the order that Futrell pay $250 for the damage to the screen door and $500 for the damage to the cell phone because Futrell alleges no error in this ruling. We also affirm the portion of the Court of Appeals decision vacating the order that Futrell pay for the damage to Platt's vehicle and the money missing from within on January 31. We reverse the portion of the Court of Appeals decision upholding the order that Futrell pay $680 for the items removed from Platt's home and vehicle on February 20 and vacate that portion of the district court order. We remand the case to the district court for a new hearing on restitution. We direct the district court to reconsider its calculation of restitution under the standard adopted in *Arnett* with the exception of the $250 for the damage to the screen door and the $500 for the damage to the cell phone.

6