NOT DESIGNATED FOR PUBLICATION

No. 119,035

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO WYATT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed January 25, 2019. Affirmed.

*Carl E. Cornwell*, of Olathe, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL, J., and STUTZMAN, S.J.

PER CURIAM: Antonio Wyatt appeals his convictions for possession of marijuana with intent to distribute, failure to affix a drug tax stamp, and possession of drug paraphernalia. On appeal, Wyatt contends the district court should have suppressed the drug evidence seized from his vehicle because the State did not produce the video recording of the traffic stop. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2017, Wyatt was driving on Interstate 70 when he drove past Officer Nicholas Blake. Officer Blake stopped Wyatt's vehicle after observing him commit three traffic violations. During the traffic stop, Officer Blake smelled the odor of raw marijuana coming from inside Wyatt's vehicle. A search of Wyatt's vehicle revealed 12 bags of marijuana, a vacuum heat sealer, and a handgun.

Wyatt was charged with: (1) possession of marijuana with intent to distribute in violation of K.S.A. 2016 Supp. 21-5705(a)(4) and (a)(7); (2) failure to affix a drug tax stamp in violation of K.S.A. 79-5204(a) and K.S.A. 79-5208; (3) possession of drug paraphernalia in violation of K.S.A. 2016 Supp. 21-5709(b)(1); and (4) criminal possession of a firearm in violation of K.S.A. 2016 Supp. 21-6304(a)(3)(A). After the preliminary hearing, the district court bound Wyatt over on all counts except for the possession of a firearm charge.

Before trial, Wyatt moved to suppress the incriminating evidence seized from his vehicle. In his motion, Wyatt argued the traffic stop was illegal because Officer Blake lacked a reasonable suspicion that he committed a crime or traffic violation to justify the traffic stop. The district court held an evidentiary hearing on Wyatt's suppression motion.

At the suppression hearing, Officer Blake testified about the events leading up to the traffic stop. According to the officer, he was parked in the median of Interstate 70, when he saw Wyatt traveling in the left-hand lane. No other vehicles were near Wyatt's car and nothing prevented Wyatt from driving in the right-hand lane. Officer Blake decided to conduct a traffic stop.

While following Wyatt's vehicle, Officer Blake saw him drive from the left-hand lane to the right-hand lane. But when Wyatt changed lanes, his vehicle was halfway over

2

the center line before he initiated the turn signal—thus committing the traffic offense of failing to signal 100 feet before changing lanes. Prior to activating his emergency lights, Officer Blake also noted that Wyatt's vehicle had a frame around the rear license plate which covered a portion of the issuing state's name. Based on his observations, Officer Blake stopped the vehicle.

During cross-examination, defense counsel introduced into evidence Officer Blake's in-car video recording of the traffic stop and the events leading up to it. The district court admitted the video recording and reviewed it before ruling on Wyatt's motion to suppress.

The district court denied Wyatt's motion to suppress. The district court noted it "carefully reviewed the video" and determined that Officer Blake had reasonable suspicion to stop Wyatt's vehicle. Specifically, the district court found that Wyatt drove in the left-hand lane for an extended period of time and failed to signal properly when he changed lanes.

Wyatt waived his right to a jury trial and the district court conducted a bench trial. At the bench trial, Officer Blake again testified about the three traffic violations Wyatt committed. But, unlike the suppression hearing, neither party offered Officer Blake's in-car video of the traffic stop into evidence. After explaining the basis for the traffic stop, Officer Blake testified that he smelled the faint odor of raw marijuana coming from inside Wyatt's vehicle. Officer Blake searched the vehicle and found 12 bags of marijuana, a vacuum sealer, and a handgun. The bags of marijuana had no drug tax stamp and weighed 13 pounds.

During the bench trial, the district court admitted the bags of marijuana, the handgun, and the vacuum sealer into evidence. After the district court admitted these items into evidence, defense counsel objected and renewed his motion to suppress based

3

on the illegality of the stop. The State responded that it did not oppose Wyatt's untimely objection to preserve the issue on appeal. The district court allowed but overruled the objection.

The district court found Wyatt guilty of possessing marijuana with intent to distribute, failing to affix a drug tax stamp, and possession of drug paraphernalia. He was sentenced to 142 months in prison. Wyatt appeals.

ANALYSIS

On appeal, Wyatt contends the district court should have suppressed the evidence seized from his vehicle because the State failed to introduce the video of his traffic stop. In his appellate brief, Wyatt states:

> "In this case, even though the law enforcement vehicle was equipped with working video surveillance, no objective evidence was offered to prove that traffic violations were in fact committed. The limited testimony of Officer Blake was incomplete, and was not substantial and competent evidence upon which a stop and subsequent search should be deemed legal, let alone a conviction upheld."

Wyatt's argument is ambiguous. If he is asserting that Officer Blake's in-car video recording of the traffic stop was never admitted in evidence, he is factually mistaken. The traffic stop video recording was admitted during the suppression hearing. The district court reviewed the recording and observed that Wyatt "was driving in the left lane of I-70 for an extended length of time" before Officer Blake stopped him.

The district court's factual findings on a motion to suppress are reviewed for substantial competent evidence. The legal conclusion drawn from those facts is reviewed de novo. *State v. Hanke*, 307 Kan. 823, 827, 415 P.3d 966 (2018). Substantial competent evidence is such legal and relevant evidence that a reasonable person could accept as

4

adequate to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 2015).

To justify a traffic stop, "the officer must know of specific and articulable facts that create a reasonable suspicion the seized individual is committing, has committed, or is about to commit a crime or traffic infraction." *State v. Jones*, 300 Kan. 630, 637, 333 P.3d 886 (2014). When a defendant moves to suppress evidence based on the legality of the traffic stop, the State bears the burden to establish the reasonableness of the seizure. The State may generally meet this burden by "producing the officer's testimony that he or she observed a driver commit a traffic infraction before initiating the stop. This observation and testimony suffices because a traffic infraction provides an '"objectively valid reason to effectuate a traffic stop.'"[Citations omitted.]" 300 Kan. at 637.

As detailed in the factual and procedural background section, during the suppression hearing, Officer Blake testified to the legal basis for the traffic stop and the district court reviewed the in-car video recording of it. Our independent review of this evidence convinces us there was substantial competent evidence that Officer Blake knew of specific and articulable facts that created a reasonable suspicion that Wyatt was committing a traffic infraction. See *Jones*, 300 Kan. at 637. Accordingly, we find the district court did not err in its legal conclusion that the traffic stop and resulting search and seizure of the vehicle did not violate the Fourth Amendment to the United States Constitution. See *Hanke*, 307 Kan. at 827.

Next, if Wyatt is claiming there was insufficient evidence admitted at trial to prove his guilt beyond a reasonable doubt because the video recording was not admitted in evidence at the bench trial, he does not support his argument with legal authority and fails to explain how his assertion is sound. For example, Wyatt does not suggest how Officer Blake's trial testimony is legally insufficient or what other necessary facts are depicted in the video. Issues not adequately briefed are deemed waived or abandoned. *State v. Arnett*,

5

307 Kan. 648, 650, 413 P.3d 787 (2018). Wyatt also fails to explain why it was necessary for the State to prove the legality of the traffic stop during the bench trial when the issue was already decided at the suppression hearing. See *State v. Holmes*, 278 Kan. 603, Syl. ¶ 7, 102 P.3d 406 (2004) ("Normally, a motion to suppress evidence, when made before trial, will be heard once and disposed of.").

Moreover, at trial, Officer Blake testified that he saw Wyatt's vehicle traveling in the left-hand lane even though nothing prevented Wyatt from driving in the right-hand lane. Officer Blake also explained that, before making the traffic stop, he saw Wyatt's vehicle "straddling the center white dotted line before its signal came on to make its lane change." These observations are violations of K.S.A. 2016 Supp. 8-1522(c) and K.S.A. 8-1548(b), respectively. Considering all of the evidence in the trial record—and not considering the in-car video recording which was not admitted at trial—in the light most favorable to the State, we are convinced a rational fact-finder could have found Wyatt guilty beyond a reasonable doubt of the charges found by the district court.

Affirmed.