NOT DESIGNATED FOR PUBLICATION

No. 121,314

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of S.S.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; STEVEN E. JOHNSON, judge. Opinion filed December 13, 2019. Affirmed.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Ellsworth, for appellant.

*Paul J. Kasper*, county attorney, for appellee.

Before MALONE, P.J., STANDRIDGE and WARNER, JJ.

PER CURIAM: In August 2018, the Ellsworth County Sheriff's Office learned someone had taken items from the fire station in Lorraine, Kansas. The ensuing investigation found various missing items, including batteries, snacks, and a radio, between the station and a nearby park; the sheriff's deputy also found graffiti sprayed on a fire truck, a building adjacent to the station, and playground equipment at the park. The deputy learned that S.S., a juvenile, likely spray-painted the graffiti. After a bench trial, S.S. was found guilty of criminal damage to property. Based on the missing items' proximity to the graffiti and the timeframe during which both offenses were committed, a magistrate judge also found that S.S. had burglarized the fire station. S.S. appeals, claiming there was insufficient evidence to show he committed the alleged burglary. Based on the limited record before us, we affirm.

1

FACTUAL BACKGROUND

On August 3, 2018, Joseph Travincheck, the fire chief of Lorraine, Kansas, received a call that a child had found the fire department's radio. When he arrived at the fire station, Travincheck noticed two radios, several batteries, a set of keys to the fire truck, and various snacks and drinks were missing. Travincheck reported the missing items, and Deputy James Sandell of the Ellsworth County Sheriff's Office responded to the call.

Lorraine residents searched the nearby area and found several batteries and half-eaten snacks behind the fire station and in an adjacent park. The second radio and keys were not found. While he was looking for these items, Sandell saw S.S.'s first name graffitied in silver spray paint on the adjoining park's playground equipment, a fire truck, and a city building. The next day, Lorraine State Bank president Larry Henne noticed the defendant's initials graffitied on his truck's bumper. The bank is located near the park.

The State charged S.S. with one count of burglary and three counts of criminal damage to property. At a bench trial before a magistrate judge, Henne testified S.S. used the bank's restroom on August 2. After S.S. left, Henne went into the restroom and found a silvery-gray paint-like substance on the lavatory and papers towels in the trash can. S.S. also testified, though S.S. at times made contradictory statements. S.S. denied entering the station or graffitiing property but admitted to going to the park and using the bank's restroom. And though other kids were at the park on August 2, S.S. did not know of anyone in Lorraine who disliked S.S. or who would use S.S.'s name or initials to deface property.

The magistrate judge found S.S. guilty of all charges. In announcing this ruling, the magistrate explained:

"Taking into consideration the totality of all the statements of the witnesses [and] all the evidence presented by the State, . . . I find that there is proof beyond a reasonable doubt that a crime was committed. And I find that there is proof beyond a reasonable doubt that [S.S.] committed that."

The magistrate explained in some detail why the court found S.S. graffitied the property (that is, committed the acts giving rise to the three counts of criminal damage to property), focusing on the use of S.S.'s name and initials and on Henne's testimony regarding S.S.'s use of the bank restroom. The magistrate made no specific findings and gave no explanation of the burglary adjudication.

At the close of the trial, the prosecutor asked to clarify whether the magistrate was finding S.S. guilty on all four charges (not just the three criminal damage to property counts):

"[PROSECUTOR]: Your Honor, so I will draft a journal entry of adjudication. There are four counts; Count 1 being the—

"THE COURT: Criminal damage?

"[PROSECUTOR]: No. Sorry. Count 1 being the burglary; Count 2 being the criminal damage to the fire truck; and Count 3 being the criminal damage to the playground equipment; and Count 4 being the criminal damage defacing the City of Lorraine storage building. Am I accurate in saying that the Court is finding him guilty on all four counts?

"THE COURT: You are accurate. That's what we're doing.

"[PROSECUTOR]: Okay.

"THE COURT: The one in—person that done all of this—done it all. They didn't do pieces of it."

S.S. appealed this adjudication to the district court. Instead of holding a new hearing, by agreement of the parties, the district court reviewed the bench trial transcript and ruled based on the previous record. In its journal entry, the court observed that "the

3

State must prove each element of each count beyond a reasonable doubt." The court found that the evidence presented was "very circumstantial in nature." Yet the court nevertheless concluded: "Of the six [*sic*] counts charged, . . . the evidence presented leaves no doubt or at least no reasonable doubt that the crimes were committed."

Though the district court did not parse out which evidence it found compelling with respect to each crime, the court noted:

- Relevant to burglary, that "testimony of 3 witnesses . . . support that the fire station was broken into, that items were missing from the fire station," and that "these items were found strewn throughout the adjacent park and other places." The court observed that "[b]atteries were unpackaged and food partially eaten and discarded after the packages were opened."

- Relevant to the criminal damage to property charges, that "property was criminally damaged through the use of graffiti by what would be believed to be spray paint." The court observed that all these markings were done with "silver paint" and that Henne had seen a silver substance on a paper towel after S.S. had used the bank's bathroom.

The district court found that all these acts were done without permission. And the court further noted that because the "items missing from the fire station [were] found in the park," where the graffiti was also found, the court was convinced beyond a reasonable doubt that S.S. had committed all the crimes charged. The court thus adjudicated S.S. guilty of one count of burglary (a severity level 7 nonperson felony) and three counts of criminal damage to property (a class B nonperson misdemeanor).

On appeal before this court, S.S. does not challenge his adjudications for criminal damage to property. Rather, he focuses solely on his burglary adjudication, claiming

4

there was insufficient evidence to convict him of that charge. In particular, S.S. argues there was no evidence presented below on identity—that he was the person who broke into the fire station. We disagree and affirm.

DISCUSSION

When a juvenile challenges the sufficiency of the evidence to support his or her criminal adjudication, an appellate court will not set aside an adjudication for insufficient evidence if the court is convinced a rational fact-finder could have found the juvenile guilty beyond a reasonable doubt. *In re B.M.B.*, 264 Kan. 417, Syl. ¶ 4, 955 P.2d 1302 (1998); see also *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). In making this determination, appellate courts "'review[] all the evidence in a light most favorable to the prosecution.'" 307 Kan. at 668. We "'do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.'" 307 Kan. at 668.

Nevertheless, "there must be evidence supporting each element of a crime." *State v. Kettler*, 299 Kan. 448, 471, 325 P.3d 1075 (2014). The State bears the burden of proving each element. In doing so, the State need not rely on direct evidence. Instead, circumstantial evidence may be sufficient to support a conviction. *Chandler*, 307 Kan. 657, Syl. ¶ 3. Yet if the State relies on inferences, the inference must be properly supported; the State cannot carry its burden by stacking inference upon inference. "[A]n inference cannot be based on evidence that is too uncertain or speculative or that raises merely a conjecture or possibility." 307 Kan. 657, Syl. ¶ 4.

The State charged S.S. with burglary, asserting he entered the fire station without authority and with the intent to commit a theft. See K.S.A. 2018 Supp. 21-5807(a)(2). On appeal, S.S. acknowledges that various items were removed from the fire station. But he asserts there was insufficient evidence to convict him of burglary. In particular, S.S. contends there was no evidence to demonstrate *he* was the person who removed the items

5

in question. S.S. argues there was no evidence to tie his vandalism actions—which he does not contest on appeal—to the burglary; no spray paint cans were removed from or graffiti found in the station, and none of the items taken from the station were later found to have paint on them.

As a preliminary matter, we observe that it would have been better, as a matter of practice, if both the magistrate and district court explained their findings as to each of the elements of both burglary and criminal damage to property, instead of focusing solely on the vandalism claims. The fact that the bulk of the evidence presented centered on the vandalism claims did not relieve the State of its burden to prove all the elements of all the crimes charged—including burglary—beyond a reasonable doubt. Accord *State v. Elrod*, 38 Kan. App. 2d 453, 463, 166 P.3d 1067 (2007) ("The State is required by the Due Process Clause of the Fourteenth Amendment to prove, beyond a reasonable doubt, every element necessary to constitute the crime with which an accused is charged.").

Nevertheless, the sole question presented in the briefs is whether there was sufficient evidence of identity. Accord *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed are deemed waived or abandoned). And we find there was sufficient evidence presented below that the same person who graffitied the city property also removed items from the fire station.

Fire Chief Travincheck's testimony demonstrated that the items had been removed from the fire station at some point between Monday, July 30, and Friday, August 3, when he called the sheriff's office to report them missing. Henne, the bank president, testified that S.S. came into the bank late in the afternoon on Thursday, August 2, and washed a silvery substance off his hands in the bank's restroom. Thus, the vandalism was completed in the same timeframe that the items were removed from the station.

6

The physical proximity of the evidence similarly demonstrates the same person performed all the offending acts. The officers found S.S.'s name graffitied on the fire truck, the side of a city building near the fire station, and playground equipment at a local park. The missing snacks, batteries, and radio taken from the station were recovered at the park and in a field between the fire station and the park.

This evidence—viewed in the light most favorable to the State—supports the lower courts' conclusions that the person who graffitied the fire truck, city building, and play equipment also removed the missing items from the fire station (and dropped many of these items between the fire station and the park). In other words, there was sufficient evidence that S.S. both committed the acts of vandalism and broke into the fire station.

Affirmed.