NOT DESIGNATED FOR PUBLICATION

No. 121,334

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN F. CLEMENTS JR.,
*Appellant*,

v.

KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed April 24, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Ben Miller-Coleman*, legal counsel, Kansas Department for Aging and Disability Services, for appellees.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: John F. Clements Jr., a civilly committed resident of the sexual predator treatment program (SPTP) at Larned State Hospital, appeals the district court's dismissal of his K.S.A. 60-1501 petition. The district court found he failed to exhaust the administrative remedies available to him prior to filing his petition. We agree, and we affirm.

1

On June 22, 2018, Clements filed a petition for writ of habeas corpus under K.S.A. 2017 Supp. 60-1501, naming the State, the Kansas Department for Aging and Disability Services (KDADS), the Secretary of KDADS, and various officials and personnel of the treatment program as the Respondents to the action. Clements' petition related to four separate grievances: (1) He requested and did not receive SPTP letterhead in order to correspond with the United States Department of Education (the letterhead claim); (2) he requested and did not receive medical attention for back and hip pain (the medical care claim); (3) he had not been allowed to enroll in an educational correspondence course; and (4) he did not timely receive his mail.

Respondents filed a motion to dismiss, asserting Clements failed to exhaust his administrative remedies prior to filing his K.S.A. 60-1501 petition. The district court dismissed Clements' petition for lack of subject matter jurisdiction based on Clements' failure to exhaust his administrative remedies as required by K.S.A. 2019 Supp. 59-29a22(f)(1) and K.S.A. 2019 Supp. 59-29a24. The district court explicitly found "there [was] no evidence that SPTP failed to follow its policies of administrative review."

## ANALYSIS

Clements admits he did not exhaust his administrative remedies. However, he asserts Respondents failed to comply with its own administrative regulations, which frustrated his efforts to comply with the grievance process set forth in the SPTP regulations. Clements' argument and analysis are extremely limited. He purportedly raises a question regarding the interpretation of an administrative regulation, which is a question of law subject to unlimited review. See *Central Kansas Medical Center v. Hatesohl*, 308 Kan. 992, 1002, 425 P.3d 1253 (2018). Clements does not, however, take issue with the meaning of the relevant administrative regulation, SPTP Policy 7.1.IV,

which sets forth the steps a resident must take to submit a grievance. Instead, Clements argues SPTP staff failed to follow grievance procedures, resulting in a denial of due process.

Clements' due process argument is not explained, and he does not cite any supporting authority for his claim. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018). Clements simply states he completed the required forms for the letterhead claim and the medical claim and delivered them to SPTP staff members who signed them. Clements does not brief his mail claim or his claim regarding enrollment in an educational correspondence course. Accordingly, we find he has waived or abandoned those claims. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned).

Clements merely asserts KDADS' motion to dismiss did not state whether the SPTP staff members who received the grievance forms for the letterhead claim and medical claim complied with SPTP policies by forwarding the forms to the SPTP due process coordinator within three working days. He cites no authority explaining why this should have excused him from continuing to pursue his administrative remedies. Clements also does not allege he made any efforts to inquire about the status of the grievance forms. And the district court explicitly found "there [was] no evidence that SPTP failed to follow its policies of administrative review." We find Clements waived or abandoned his argument due to improper briefing. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). The district court properly found it lacked subject matter jurisdiction to proceed with Clements' petition.

Affirmed.