NOT DESIGNATED FOR PUBLICATION

Nos. 119,472
119,473

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON WILBUR DYE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed December 21, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

POWELL, J.: Aaron Wilbur Dye appeals the district court's decision to revoke his probation and impose his underlying sentences in two cases. We granted Dye's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State did not file a response. After a review of the record, we affirm.

In October 2015, pursuant to a plea agreement, Dye pled no contest in 15 CR 501 to one count of possession of methamphetamine and one count of possession of marijuana after a prior conviction, both severity level 5 drug felonies. In exchange for Dye's plea, the State agreed to recommend concurrent sentences. At Dye's sentencing on

1

February 16, 2016, the district court imposed the standard prison sentence of 20 months for the possession of methamphetamine count and 11 months in prison for the possession of marijuana count but ordered the sentences to be served consecutively for a controlling prison sentence of 31 months. The district court also followed the presumption of probation and placed Dye on probation from his prison sentences for 18 months and ordered, among other things, that he enter into and successfully complete drug treatment pursuant to K.S.A. 2017 Supp. 21-6824 (commonly referred to as SB 123).

While Dye was on felony bond in 15 CR 501, he committed a new drug crime and was charged in 16 CR 53 with a single count of possession of methamphetamine. In April 2016, Dye agreed to plead no contest to this charge in exchange for the State's recommendation that he be placed on probation. This is significant because according to the presentence investigation (PSI) report, while Dye's criminal history score of E placed him in the presumptive probation category for his new crime, a special rule applied because Dye had committed his crime while on felony bond, allowing the district court to impose a prison sentence without a departure. See K.S.A. 2017 Supp. 21-6604(f)(4) (where crime committed on felony bond, even if presumptive probation, imposition of prison sentence not a departure).

However, Dye's counsel wisely filed a motion to depart, informing the district court that another special rule applied which placed Dye in the presumptive prison category. According to K.S.A. 2017 Supp. 21-6805(f)(1), if a defendant is being sentenced for a third or subsequent drug possession felony—and Dye's possession of methamphetamine conviction was his third drug possession felony—imposition of prison is the presumptive sentence. Given this special rule, Dye's counsel urged the district court to grant Dye a departure to probation and made a number of arguments supporting this position.

2

At Dye's sentencing in 16 CR 53 on June 21, 2016, the district court agreed with Dye's counsel's assessment of the additional special rule—which was not reflected in the PSI or, ultimately, the sentencing journal entry—then amended the PSI and granted Dye a departure to probation for a period of 18 months with an underlying presumptive prison sentence of 20 months. As the district court had done in the first case, among other things, Dye was ordered to enter into and successfully complete SB 123 drug treatment. He was also ordered to remain in jail for up to 30 days until bed space was available for inpatient treatment.

In April 2017, the State sought to revoke Dye's probation in both cases, alleging, among other things, that Dye had tested positive for drugs, had failed to report to his intensive supervision officer (ISO), and had failed to enter into and successfully complete drug treatment. At the probation violation hearing on May 23, 2017, Dye admitted to the violations; the district court extended his probation in both cases for 6 months and imposed a 60-day jail sanction in 15 CR 501 pursuant to K.S.A. 2017 Supp. 22-3716(g).

In December 2017, the State again sought to revoke Dye's probation in both cases, alleging, among other things, that Dye had failed to enter into and successfully complete drug treatment. More importantly, the affidavit also outlined numerous instances in which Dye had failed to report to his ISO. The affidavit also recited instances when Dye had been contacted and messages left, some of which were returned by Dye and he in turn left voicemails, but ultimately no contact was made by Dye with his ISO. The ISO recommended that Dye's probation be revoked and that he be ordered to serve his underlying sentences on the grounds (1) that he failed to participate in treatment or engaged in a pattern of intentional conduct demonstrating his refusal to comply with his treatment program and (2) that he had absconded.

At a first probation violation hearing on December 19, 2017, Dye denied the allegations and asked for an evidentiary hearing. At the evidentiary hearing set on

January 9, 2018, Dye reversed course and admitted to the violations, specifically admitting that he had failed to report. However, Dye never admitted to absconding. At his disposition hearing on January 30, 2018, the district court revoked Dye's probation and ordered that he serve his underlying sentences. When doing so, the district judge observed that Dye "had more than a fair opportunity" to overcome his drug addiction and found that Dye "chose [his] addiction over [his] children, and I'm not going to reward that." However, the district court made no finding that Dye had absconded nor did it revoke Dye's probation on that basis. Nevertheless, the journal entry had the box checked that Dye's probation had been revoked due to his committing a new crime or having had absconded, yet the explanatory section of why Dye's probation was revoked made no mention of absconding.

On appeal, Dye simply argues that the district court erred in revoking his probation and imposing his underlying prison sentence. He makes no arguments as to how or why the district court erred other than to cite to authority that the decision to revoke probation rests within the sound discretion of the district court.

On this point, Dye is correct. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Dye bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

However, a district court's discretion on whether to revoke probation is limited by intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Such limitations also apply to SB 123 defendants such as Dye. See K.S.A. 2017 Supp. 21-6824(f)(2); K.S.A.

4

2017 Supp. 21-6604(n)(2). A district court is required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2017 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2- or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

However, there are a few exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions; one of those exceptions allows the district court to revoke probation if it was "originally granted as the result of a dispositional departure." K.S.A. 2017 Supp. 22-3716(c)(9)(B). Another is when the defendant absconds from supervision. See K.S.A. 2017 Supp. 22-3716(c)(8)(B). However, simply failing to report to a supervising officer does not equate to absconding. See *Huckey*, 51 Kan. App. 2d at 458; see also *State v. Dooley*, 308 Kan. 641, Syl. ¶ 4, 423 P.3d 469 (2018) ("[T]he State must show, and the district court must find, that the probation violator engaged in some course of action [or inaction] with the conscious intent to hide from or otherwise evade the legal process.").

As to 16 CR 53, it is undisputed that Dye was given a dispositional departure to probation and the district court had the authority to revoke Dye's probation despite its failure to impose the required intermediate sanctions. As Dye makes no argument persuading us that no reasonable person would have taken the district court's action, we conclude the district court did not abuse its discretion in revoking Dye's probation and imposing the underlying sentence in 16 CR 53.

The result in 15 CR 501 is more problematic. Given that Dye received a presumptive sentence and the district court failed to impose all the required intermediate sanctions, there is a question as to whether the district court had the authority to revoke Dye's probation. This notwithstanding, revocation would have been permitted if Dye had absconded, but we have doubts that the record supports an absconding finding. Unfortunately, Dye's counsel advances no arguments as to whether the district court had the legal authority to revoke probation or whether the record fails to support a finding that Dye absconded. Consequently, we must find these points abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned). Therefore, we also affirm the district court's decision to revoke Dye's probation and impose the underlying prison sentences in 15 CR 501.

Affirmed.