NOT DESIGNATED FOR PUBLICATION

No. 121,822

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of A.M.


MEMORANDUM OPINION


Appeal from Montgomery District Court; JEFFREY GETTLER, judge. Opinion filed April 10, 2020. Affirmed.


*Philip J. Bernhart*, of Coffeyville, for appellant.


*Daylene Walls*, assistant county attorney, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.


PER CURIAM:  A.M., a juvenile, appeals her aggravated assault conviction. She contends that we must reverse her conviction because the State's complaint was defective and, thus, deprived the trial court of jurisdiction. Because A.M.'s argument hinges on caselaw our Supreme Court has overturned, we affirm.


*Factual background*


The State charged A.M. with one count of aggravated assault and one count of interference with a law enforcement officer. Following a bench trial, the trial court found A.M. not guilty of interference with a law enforcement officer. But the trial court did not immediately decide whether A.M. was guilty of aggravated assault. Instead, it asked the State and A.M. to submit briefs regarding whether the State's complaint was deficient as to A.M.'s aggravated assault charge.

1

During closing arguments, A.M. had argued that the State's complaint charging her with aggravated assault was deficient because it did not list a specific victim. The complaint described A.M.'s aggravated assault charge as follows: "That on or about the 31st day of August[] 2018, in Montgomery County, Kansas, [AM] did unlawfully, feloniously, and knowingly place *State of Kansas* in reasonable apprehension of bodily harm with a deadly weapon, to wit: Red Ford Explorer, all in violation of K.S.A. 21-5412(b)(1)." (Emphasis added.) In her brief to the trial court, A.M. argued that the State's failure to list a more specific victim meant the trial court had no jurisdiction over her case. The State responded that its complaint was factually sufficient because it listed each element of aggravated assault.

The trial court ultimately agreed with the State. It then found A.M. guilty of aggravated assault, sentencing her to nine months' probation.

A.M. timely appealed.

*Is A.M.'s Complaint Defective?*

Whether a complaint is defective constitutes a question of law over which this court exercises de novo review. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016). Additionally, whether jurisdiction exists is a question of law over which this court exercises unlimited review. 304 Kan. at 784.

On appeal, A.M.'s sole argument is that the State's failure to name a specific victim in its complaint for her aggravated assault charge deprived the trial court of jurisdiction. The State does not dispute that a deficient complaint can deprive a trial court of jurisdiction. Instead, as it did below, the State asserts that the complaint was factually sufficient because it included each element of aggravated assault.

Both parties rely on *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), to make their arguments. But our Supreme Court overruled *Hall* over three years ago in *Dunn*. The *Dunn* court held that "Kansas charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does." 304 Kan. 773, Syl. ¶ 1. It further held that "Kansas charging documents need only show that a case has been filed in the correct court . . .; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant." 304 Kan. 773, Syl. ¶ 2.

Simply put, based on our Supreme Court's holding in *Dunn*, any deficiencies in the State's complaint did not deprive the trial court of jurisdiction. As a result, the sole argument A.M. raises on appeal is flawed.

Notwithstanding the preceding *in Dunn*, our Supreme Court outlined the three types of charging-document errors resulting in defective complaints:  (1) errors resulting from the charging document being filed in the wrong jurisdiction; (2) errors resulting from the charging document not alleging facts that constitute a crime; and (3) errors resulting from the charging document not providing the defendant with adequate notice of his or her charge, which can result in a due process violation. 304 Kan. at 815-16. The test we apply to determine if the error requires reversal of a defendant's conviction depends on what type of charging-document error the State committed. 304 Kan. at 816-17.

Yet, A.M. never explains what type of charging-document error the State made. She simply asserts that listing the State of Kansas as the victim of her aggravated assault charge deprived the trial court of jurisdiction, making her conviction void. Accordingly, nothing in A.M.'s brief explains what type of charging-document error she believes

3

occurred or what defective complaint test we should apply. It is a well-known rule that an issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Here, by failing to address these issues, A.M. has failed to adequately brief her defective complaint argument. In turn, any argument A.M. has concerning the defectiveness of the State's complaint has been waived or abandoned.

Affirmed.