NOT DESIGNATED FOR PUBLICATION

Nos. 121,906
121,907

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CORDELL JOHANNES DUERKSEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 8, 2021. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM:  Cordell Johannes Duerksen appeals the revocation of his probation in Sedgwick County criminal case No. 18 CR 433 and the extension of his probation in Sedgwick County criminal case No. 18 CR 2361. Duerksen argues that instead of ordering the preceding punishment, the trial court should have imposed intermediate sanctions on him in both of his cases and then ordered him to live in a Residential Community Corrections Program. Nevertheless, under the facts of Duerksen's case, the trial court's punishment was reasonable. As a result, we affirm the revocation of

1

Duerksen's probation in 18 CR 433 and the extension of Duerksen's probation in 18 CR 2361.

*Background*

On February 18, 2018, law enforcement arrested Duerksen after he tried to steal a motorcycle. Upon arresting Duerksen, law enforcement also found drug paraphernalia in his pocket. Based on the preceding, the State charged Duerksen with attempted theft, criminal damage to property, and possession of drug paraphernalia in Sedgwick County criminal case No. 18 CR 433.

Eventually, on April 26, 2018, Duerksen pleaded guilty to attempted theft and criminal damage to property in 18 CR 433. Duerksen entered his guilty pleas as part of a plea agreement with the State. Under this plea agreement, Duerksen agreed to plead guilty to attempted theft and criminal damage to property in exchange for the State's dismissal of his possession of drug paraphernalia charge. Also, under this plea agreement, the State agreed to recommend the following: (1) that the trial court sentence Duerksen to probation, which was Duerksen's presumptive sentence under the Kansas Sentencing Guidelines Act (KSGA) grid; and (2) that the trial court run Duerksen's underlying sentences for his attempted theft and criminal damage to property convictions concurrently.

Next, on April 27, 2018—the day after Duerksen pleaded guilty—Duerksen obtained an appearance bond. Under his appearance bond, Duerksen agreed to report to the Pretrial Services Program within 24 hours of his release from jail. Duerksen, however, did not report to the Pretrial Services Program as directed. As a result, the trial court revoked Duerksen's appearance bond and issued a warrant for his arrest. Law enforcement arrested Duerksen on this warrant several days later.

2

Afterwards, on June 5, 2018, the trial court held Duerksen's sentencing hearing in 18 CR 433. There, both Duerksen and the State asked the trial court to sentence him as recommended under the plea agreement. Yet, before pronouncing Duerksen's sentence, the trial court asked him why he had never reported to the Pretrial Services Program after obtaining his appearance bond. Although Duerksen denied using drugs recently, he told the trial court that he never reported to the Pretrial Services Program because he "was just out there doing what [he] was doing" and "[s]crewing off."

Ultimately, the trial court sentenced Duerksen to 12 months' probation with an underlying sentence of 9 months' imprisonment for his attempted theft conviction and 6 months' jail time for his criminal damage to property conviction, which would be followed by 12 months' postrelease supervision. Although both parties asked the trial court to impose concurrent sentences, the trial court imposed consecutive sentences given Duerksen's failure to report to the Pretrial Services Program as directed upon obtaining his appearance bond.

Next, on June 28, 2018, Duerksen's Intensive Supervision Officer (ISO) notified the trial court that Duerksen had violated his probation in 18 CR 433 by failing to report as directed, by failing to perform community service as directed, by using marijuana, and by using methamphetamine. Given Duerksen's alleged probation violations, Duerksen's ISO asked the trial court to impose an intermediate sanction on Duerksen—a 72-hour quick dip in jail.

The trial court responded to the ISO's allegations by issuing a bench warrant for Duerksen's arrest. Several days later, law enforcement arrested Duerksen on the bench warrant. Duerksen then remained in jail until his July 10, 2018 probation violation hearing.

At that probation hearing, Duerksen admitted that he had violated the terms of his probation as alleged by his ISO. Duerksen then asked the trial court to impose a 72-hour quick dip in jail as recommended by his ISO. The State also asked the trial court to follow the ISO's intermediate sanction recommendation.

But the trial court did not follow the ISO's recommendation. Instead, it sanctioned Duerksen by imposing a 48-hour quick dip in jail, by ordering Duerksen to serve 60 days of his 6-month jail sentence for his criminal damage to property conviction, by extending Duerksen's probation another 12 months as of that date, and by ordering Duerksen to enter the Residential Community Corrections Program (RCCP) upon his release from jail. The trial court justified this punishment because Duerksen's conduct, including his continual drug use, indicated that he was not taking his probation seriously.

Next, several weeks later, on August 29, 2018, the State charged Duerksen with fleeing and eluding a law enforcement officer and driving with a suspended license in Sedgwick County criminal case No. 18 CR 2361. Duerksen's charges in 18 CR 2361 stemmed from his December 6, 2017 encounter with police. Thus, although the State filed its charges against Duerksen in 18 CR 2361 after Duerksen had been charged, convicted, and sentenced in 18 CR 433, his December 6, 2017 crimes in 18 CR 2361 predated his February 18, 2018 crimes in 18 CR 433.

Notwithstanding the preceding, on January 28, 2019, Duerksen pleaded guilty to fleeing and eluding a law enforcement officer in 18 CR 2361. Duerksen entered his guilty plea as part of a plea agreement with the State. Under this plea agreement, Duerksen agreed to plead guilty to fleeing and eluding a law enforcement officer in exchange for the State's dismissal of his driving with a suspended license charge. Also, under this plea agreement, the State agreed to ask the trial court to sentence Duerksen to his presumptive probation sentence under the KSGA grid. But the State would also ask the trial court to

4

run Duerksen's underlying sentence in 18 CR 2361 consecutive to his underlying sentence in 18 CR 433.

On March 18, 2019, the trial court sentenced Duerksen to 12 months' probation with an underlying term of 12 months' imprisonment followed by 12 months' postrelease supervision for his fleeing and eluding a law enforcement officer conviction in 18 CR 2361.

Less than two months later, on May 8, 2019, Duerksen's ISO notified the trial court that Duerksen had violated the terms of his probation in both 18 CR 433 and 18 CR 2361 by not performing community service, by not maintaining employment, by not completing a theft class, and by not paying his outstanding court costs as required. Based on those violations, the ISO asked the trial court to impose intermediate sanctions on Duerksen in both of his cases. The ISO also suggested that the trial court make Duerksen reenter the RCCP after he finished serving his intermediate sanctions.

The trial court responded to the ISO's allegations by issuing a bench warrant for Duerksen's arrest. Nearly three months later, on August 2, 2019, law enforcement arrested Duerksen on the bench warrant.

Next, on August 28, 2019, the trial court held a joint hearing on Duerksen's alleged probation violations in 18 CR 433 and 18 CR 2361. At the outset of this hearing, Duerksen admitted that he had violated the terms of his probation in both cases as alleged by his ISO. Then, both Duerksen and the State asked the trial court to impose intermediate sanctions on him in both cases before ordering him to reenter the RCCP as recommended by his ISO. Duerksen stressed that the trial court should follow the ISO's recommendation because he had done well during his previous stint living in the RCCP between October 2018 and January 2019.

5

The trial court recognized that Duerksen had previously done well on probation while living in the RCCP. Nevertheless, before deciding what punishment to impose, the trial court questioned Duerksen regarding his whereabouts between May 8, 2019, when his ISO sought to impose intermediate sanctions upon him, and August 2, 2019, when law enforcement arrested him on the bench warrant. The trial court noted that although the ISO had not filed anything alleging that Duerksen had absconded, it seemed that Duerksen had absconded sometime in May 2019. Duerksen then admitted that he stopped reporting to his ISO after he learned that there was a warrant for his arrest based on his most recent probation violations.

Afterwards, the trial court revoked Duerksen's probation in 18 CR 433, ordering Duerksen to serve his original underlying sentence in that case. Because it was Duerksen's first set of probation violations in 18 CR 2361, however, the trial court did not revoke Duerksen's probation in that case. Instead, it imposed both an intermediate sanction—a 48-hour quick dip in jail—and extended Duerksen's probation. Specifically, the trial court extended Duerksen's probation in 18 CR 2361, 12 months from that date. It then ordered Duerksen to live in the RCCP upon completing his underlying sentence in 18 CR 433.

Duerksen timely appeals the revocation of his probation in 18 CR 433 and the extension of his probation in 18 CR 2361.

*Did the Trial Court Err When Punishing Duerksen for His Probation Violations?*

An appellate court reviews a trial court's decision to continue or revoke an offender's probation for an abuse of discretion. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A trial court abuses its discretion if its decision was based on an error of law, an error of fact, or an otherwise unreasonable decision. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Also, the party asserting error bears the burden of

6

proving that the trial court abused its discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

On appeal, Duerksen never disputes that the trial court had the legal authority under K.S.A. 2017 Supp. 22-3716(c) to revoke his probation in 18 CR 433 and extend his probation in 18 CR 2361. Nor does Duerksen dispute the trial court's factual findings in support of its decision to revoke his probation in 18 CR 433 and extend his probation in 18 CR 2361. In turn, we will not review the legal or the factual basis of the trial court's punishment. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding an issue not briefed by an appellant is deemed waived and abandoned).

Still, Duerksen disputes whether the trial court acted unreasonably by revoking his probation in 18 CR 433 and by extending his probation in 18 CR 2361. Duerksen seemingly contends that the trial court's revocation of his probation in 18 CR 433 was unreasonable because his failings on probation resulted from his drug addiction problems. He asserts that both he and the community would have been better served if the trial court had imposed another intermediate sanction upon him in 18 CR 433 and then ordered him to live in a RCCP upon his completion of that intermediate sanction. As for the extension of his probation in 18 CR 2361, Duerksen simply asserts that this was unreasonable because "it was his first violation in the case and residential treatment was available."

Yet, as argued by the State in its brief, under our standard of review, this court will not reverse a trial judge's decision as unreasonable unless "no reasonable person would take the view adopted by the judge." *State v. Galloway*, 311 Kan. 238, 252, 459 P.3d 195 (2020). Simply put, under the facts of this case, it cannot be said that no reasonable person would have revoked Duerksen's probation in 18 CR 433 and extended Duerksen's probation in 18 CR 2361.

To review, Duerksen violated his probation conditions in 18 CR 433 within weeks of his sentencing by not reporting as directed, by not completing community service as directed, and by using drugs. At Duerksen's first probation violation hearing in 18 CR 433, in addition to extending Duerksen's probation, the trial court ordered him to serve a 48-hour quick dip in jail, then serve 60 days of his 6-month jail sentence for his criminal damage to property conviction, and then enter the RCCP. Although it seems Duerksen complied with his probation conditions in 18 CR 433 for several months after the imposition of this sanction, he ultimately violated his probation conditions in 18 CR 433 again in May 2019 by not performing community service, by not maintaining employment, by not completing a theft class, and by not paying his outstanding court costs.

Thus, although Duerksen contends that both he and the community would have been better served if the trial court had imposed another intermediate sanction upon him in 18 CR 433 and then ordered him to enter the RCCP, the trial court had already imposed this exact punishment on Duerksen at his first probation violation hearing in 18 CR 433. Because Duerksen continued to violate his probation conditions in 18 CR 433 despite previously receiving an intermediate sanction and entering the RCCP, we hold that the trial court acted reasonably when it rejected Duerksen's second request to impose this exact same punishment at his second probation violation hearing.

Also, we note that despite Duerksen's arguments to the contrary, the trial court did not simply ignore his request to reenter the RCCP. Indeed, for his probation in 18 CR 2361, the trial court ordered Duerksen to enter the RCCP after he completed serving his underlying sentences in 18 CR 433 and intermediate sanction in 18 CR 2361. As a result, to the extent Duerksen believes that the trial court ignored that he suffered from substance abuse issues that the RCCP could address, this is not the case.

We further note that although Duerksen requested that the trial court impose another intermediate sanction upon him and then issue another order that he enter the RCCP instead of revoking his probation in 18 CR 433, at his August 28, 2019 probation violation hearing, Duerksen did not request to enter the RCCP again because of his substance abuse issues. In fact, Duerksen's previous drug use was not truly at issue at this probation violation hearing. And the record on appeal indicates that Duerksen had not tested positive for any drugs since October 3, 2019. Thus, we find Duerksen's argument about the trial court not considering that his substance abuse problems would be better addressed in the RCCP than in prison when revoking his probation in 18 CR 433 somewhat disingenuous.

As for the trial court's extension of Duerksen's probation in 18 CR 2361, we hold that Duerksen's behavior while on probation in 18 CR 2361 warranted the extension of his probation. Once more, Duerksen committed his probation violations in 18 CR 2361 within two months of being sentenced in that case. Also, he absconded for nearly three months after learning that the trial court had issued a bench warrant for his arrest based on his most recent probation violations in 18 CR 433 and 18 CR 2361. Thus, Duerksen had performed less than two months of probation when the trial court held Duerksen's probation violation hearing in 18 CR 2361. Under those facts, the trial court's decision to extend Duerksen's probation 12 months as of the date of the probation violation hearing was reasonable.

For the preceding reasons, we affirm the trial court's revocation of Duerksen's probation in 18 CR 433 and extension of his probation in 18 CR 2361.

Affirmed.