NOT DESIGNATED FOR PUBLICATION

No. 122,826

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL L. DUPREE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed February 26, 2021. Affirmed.

*Mark Sevart*, of Derby, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Daniel L. Dupree appeals from the district court's denial of his untimely postsentence motion to withdraw guilty plea. Upon review of the record, we observe no error by the district court, and we affirm.

FACTS

In October 2012, Daniel L. Dupree pled guilty pursuant to *Alford v. North Carolina*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to an amended charge of

1

intentional second-degree murder, kidnapping, aggravated burglary, aggravated robbery, aggravated assault, and two counts of aggravated endangerment of a child. In November 2012, the district court sentenced Dupree to a controlling term of 294 months' imprisonment with 36 months' postrelease supervision. Dupree did not file a timely notice of appeal. In July 2013, Dupree filed a pro se notice of appeal, asserting ineffective assistance of counsel. However, his appeal was dismissed in August 2014 for failure to docket.

In July 2015, Dupree filed a K.S.A. 60-1507 motion claiming ineffective assistance of counsel, due process violations, and asserting the district court lacked jurisdiction to accept his guilty plea because he was denied his right to a speedy trial. In September 2015, the district court summarily denied Dupree's K.S.A. 60-1507 motion as time-barred. Another panel of this court affirmed the denial of Dupree's K.S.A. 60-1507 motion. See *Dupree v. State*, No. 116,693, 2018 WL 1440515, at *1, 4 (Kan. App. 2018) (unpublished opinion).

In March 2019, Dupree filed his current motion to withdraw guilty plea, asserting his trial counsel was ineffective and the district court lacked jurisdiction to accept his guilty pleas based on a speedy trial violation. The district court summarily denied Dupree's motion, finding it was untimely and Dupree had not asserted or shown excusable neglect to permit the untimely filing.

ANALYSIS

K.S.A. 2020 Supp. 22-3210(d)(2) provides: "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." Appellate courts will not disturb a district court's denial of a postsentence motion to withdraw a plea absent an abuse of discretion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). A judicial action constitutes an abuse of

2

discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). It is Dupree's burden to show an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The State persuasively argues we should affirm because Dupree failed to demonstrate excusable neglect. Indeed, Dupree failed to argue or explain excusable neglect in his motion before the district court. Central to the district court's ruling was the fact Dupree's motion was filed beyond the one-year time limit of K.S.A. 2020 Supp. 22-3210(e)(1) and Dupree had not demonstrated excusable neglect to permit filing the motion out of time as required by K.S.A. 2020 Supp. 22-3210(e)(2). Dupree, in his brief to us, failed to argue or explain excusable neglect.

When Dupree failed to file a direct appeal, the one-year time limit to file his postsentence motion to withdraw guilty plea started to run 14 days after his sentence was imposed in November 2012. See K.S.A. 2020 Supp. 22-3210(e)(1). Dupree's motion to withdraw guilty plea postsentencing was not filed until March 2019. The motion is clearly untimely. Again, Dupree failed to argue or explain in his brief why excusable neglect would support his untimely postsentence motion to withdraw guilty plea being set for a hearing. An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Dupree cannot show an abuse of discretion in the district court's decision where he failed to address the critical threshold issue—whether excusable neglect exists to permit his untimely motion. Thus, we affirm the district court's summary denial of Dupree's postsentencing motion to withdraw guilty plea.

Affirmed.