NOT DESIGNATED FOR PUBLICATION

No. 123,113

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN DAVIS,
*Appellant*,

v.

DAN SCHNURR,
*Appellee.*


MEMORANDUM OPINION


Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed April 16, 2021. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, of Kansas Department of Corrections, for appellee.


Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.


PER CURIAM: Kevin Davis, an inmate in the Hutchinson Correctional Facility, filed a K.S.A. 60-1501 petition alleging that the prison violated his right to access the courts when a prison official ordered Davis not to call the Office of the Kansas Clerk of the Appellate Courts after he had repeatedly called that office. The Reno County District Court dismissed his petition. Davis now appeals, arguing the prison's limits on his ability to contact the court violated his constitutional rights. After a review of the record, we disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2019, Angela West, a prison official, received a call from an employee of the Kansas Clerk of the Appellate Courts (Clerk's Office). That employee requested Davis stop calling the Clerk's Office because his repeated calls were taking up unnecessary time and the office was unable to answer Davis' questions to his liking.

The next day, West ordered Davis to stop calling any and all courts and informed him that if he needed to call a court he could do so by setting up a meeting with his unit team and make the call from that office. To effectuate this order, West placed the Kansas Supreme Court's phone number on Davis' call list in order to place a block on the number so Davis would be prohibited from calling the Clerk's Office. Apparently, the Kansas Supreme Court's number is what is known as a "global number," meaning any inmate could call it without permission. The only way prison officials could block Davis from calling the global number was to add it to his call list and then block the number.

On July 19, 2019, after Davis discovered the phone number was added to his call list and then blocked, he removed the number, which again made the number available for him to call.

On July 30, 2019, Davis attempted to reach the Clerk's Office; however, he was unsuccessful. Yet on August 1, 2019, he was able to contact the Clerk's Office. After that phone call, an employee in the Clerk's Office contacted West and informed her Davis had called the office without having the call facilitated through the unit team.

On August 5, 2019, West issued Davis a disciplinary report alleging two disciplinary violations:  disobeying orders, contrary to K.A.R. 44-12-304 (2007 Supp.), and misuse of the telephone, contrary to K.A.R. 44-12-211(a) (2014 Supp.). At a subsequent hearing on the disciplinary report, Davis claimed that he received a letter

from his attorney on July 29, 2019, that informed him he was permitted to call the Clerk's Office. The letter Davis proffered in support of his assertion was a letter from his attorney *dated* July 29, 2019.

The hearing officer found Davis guilty and assessed him a $10 fine for misusing the telephone and 45 days' disciplinary segregation for disobeying orders. Davis timely appealed this decision to the Secretary of Corrections.

On October 14, 2019, the Secretary of Corrections upheld Davis' disciplinary violations, noting that the decision was supported by sufficient evidence and that there was substantial compliance with department procedures.

This adverse decision prompted Davis to seek habeas relief pursuant to K.S.A. 2019 Supp. 60-1501 in the district court. In his pro se petition, Davis argued insufficient evidence supported his convictions, he was denied due process at the hearing, and the restriction on calling the Clerk's Office unconstitutionally denied him access to the courts.

The prison denied Davis' allegations and immediately sought dismissal of his petition, arguing there was sufficient evidence to uphold Davis' disciplinary violations and his due process rights had not been violated. Davis responded to the motion to dismiss, arguing the prison's arguments were irrelevant to his situation. Additionally, Davis sought summary judgment on his petition, arguing no genuine issue on any material facts existed to preclude judgment in his favor.

The district court held a hearing on Davis' petition and the various motions. Ultimately, the district court upheld Davis' disciplinary convictions, finding, first, the convictions were supported by "more than some evidence." Second, the district court held that Davis was not denied due process in the conduct of his disciplinary hearing because

3

he had notice of his hearing, had adequate time to prepare, had the opportunity to present evidence in his defense, and was issued a written decision explaining the decision in his case. Third, the district court held that the order prohibiting Davis from calling the Clerk's Office was not a violation of his right to access the courts, nor was it a violation of any other constitutional right. The district court noted that Davis still had the ability to send mail to the Kansas Supreme Court and could still make calls to the court so long as the calls were facilitated by his unit team. Additionally, Davis was represented by counsel and there had been no allegation that counsel was impeded in contacting the court. Further, Davis did not indicate that the restriction on his phone calls to the Clerk's Office affected his ability to participate in his case on appeal. Given these considerations, the district court granted the prison's motion to dismiss and found all other pending motions moot.

Unhappy with that decision, Davis filed several other motions, including a motion to alter or amend the judgment and a motion objecting to the journal entry, all of which the district court denied.

Davis now timely appeals.

ANALYSIS

We review a district court's decision on a K.S.A. 60-1501 petition to determine whether the district court's factual findings are supported by substantial competent evidence and are sufficient to support its conclusions of law. The district court's conclusions of law are subject to de novo review. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004); *White v. Shipman*, 54 Kan. App. 2d 84, 88, 396 P.3d 1250 (2017).

Beyond these considerations, to state a claim for relief under K.S.A. 2020 Supp. 60-1501 and avoid summary dismissal, a petition must allege

"shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. An appellate court reviews a summary dismissal de novo. [Citations omitted.]" *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

See K.S.A. 2020 Supp. 60-1503(a).

Davis presented three arguments to the district court: (1) There was insufficient evidence to support his disciplinary convictions; (2) he was denied due process in the hearing process; and (3) the restriction on his ability to call the Clerk's Office violated his right to access the courts, which was a violation of his due process rights. Before us, Davis only raises the third issue—the restriction on his ability to call the Clerk's Office violated his due process rights. Therefore, his first and second issues are deemed waived or abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

The problem with Davis' argument is that he points to no cognizable injury as a result of the temporary and partial restriction on his ability to call the Clerk's Office. While it is true that "[a]n indigent inmate's right of access to the courts is derived from the Due Process and Equal Protection Clauses[, t]he constitutional right of access to the courts in a civil action is not absolute or unconditional, except in limited cases where the litigant has a fundamental interest at stake." *Smith v. McKune*, 31 Kan. App. 2d 984, Syl. ¶ 5, 76 P.3d 1060 (2003). But Davis does not point to any injury or fundamental interest here. Nor does he argue that the restrictions placed on him caused undue delay or harm in the litigation of any of his pending appeals.

It is also significant that Davis was not completely prohibited from contacting the Clerk's Office. He could have set up a phone call in the unit team office; instead, he chose not to, and there is no showing of any injury caused by this restriction. Unfortunately for

Davis, we cannot even assume there was a fundamental interest at stake here, which would broaden his right to access the appellate courts in a civil proceeding, because he has never alleged which case—if any—he was attempting to discuss when he was temporarily and partially blocked from calling the Clerk's Office. Thus, we cannot determine if being prevented from calling the Clerk's Office prohibited him from discussing a case in which he had a fundamental right at stake.

As we see no injury suffered by Davis, the district court did not err in rejecting his petition.

Affirmed.