NOT DESIGNATED FOR PUBLICATION

Nos. 122,071
122,072
122,073

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM RITZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOHN B. KLENDA, judge. Opinion filed January 29, 2021. Reversed and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Kaitlin M. Dixon*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: In this consolidated appeal, William Ritz appeals the revocation of his probation in three cases. He contends the district court abused its discretion because alternative dispositions that better suited his needs were available. We agree that the district court erred, but for a different reason—the district court failed to find that Ritz' cases met any of the statutory exceptions to the intermediate sanction scheme in K.S.A. 2016 Supp. 22-3716(c). The dispositional departure exception that the court used was not enacted until several months after Ritz committed his crimes. That departure exception

1

does not apply retroactively under the rule in *State v. Coleman*, 311 Kan. 332, 336-37, 460 P.3d 828 (2020). Thus, we must reverse and remand for a new probation violation hearing.

After reaching an agreement with the State, Ritz pled guilty in three Harvey County cases. In 17CR84, Ritz pled guilty to distribution or possession with intent to distribute methamphetamine within 1,000 feet of a school and use of a communication facility for a drug transaction. Then, in both 17CR85 and 17CR86, Ritz pled guilty to distribution or possession with intent to distribute methamphetamine within 1,000 feet of a school and use of a communication facility for a drug transaction, a severity level eight nonperson felony. All of these crimes were committed in January 2017.

In their plea agreement, the State agreed not to file charges in another case, and not to oppose Ritz' motion for a dispositional departure to probation in each case. Indeed, Ritz was subject to a presumptive prison sentence in each case. But the district court granted him a dispositional departure to 36 months' probation in all three cases. He received prison terms of 119 months in 17CR84 and 67 months in 17CR85 and 17CR86.

In August 2019, the State moved to revoke Ritz' probation alleging he:
- tested positive and admitted to using methamphetamine several different times;
- failed to attend appointments as ordered; and
- lied about his employment.

At the probation violation hearing, Ritz waived his right to an evidentiary hearing and did not contest the violations. He asked the court to keep him on probation so that he could receive treatment for his methamphetamine addiction.

Instead, the court revoked his probation and ordered him to serve his prison sentences. The court explained that it had granted Ritz a dispositional departure to probation and his probation officer had imposed several sanctions before moving to revoke his probation. The sanctions were three-day jail dips.

*The rules that guide us*

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose that sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A judicial action constitutes an abuse of discretion if the action is

- unreasonable;
- based on an error of law; or
- based on an error of fact.

*State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

We are dealing with an error of law in this case.

One law—K.S.A. 2016 Supp. 22-3716(c)—limits the court's discretion in deciding how to sanction a felony probation violator. Under the statute, a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply, such as committing a new crime while on probation. K.S.A. 2016 Supp. 22-3716(c)(8)(A).

Another exception to graduated sanctions was created in K.S.A. 2017 Supp. 22-3716(c)(9)(B), which became effective July 1, 2017. This law allowed a court to revoke an offender's probation without imposing an intermediate sanction if the probation was originally granted as a dispositional departure. That law does not have retroactivity language and our Supreme Court in *Coleman* held the dispositional departure exception

3

in K.S.A. 2017 Supp. 22-3716(c)(9)(B) applied only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017. 311 Kan. at 337.

Ritz' crimes were all committed before July 1, 2017. The district court therefore could not bypass the intermediate sanction scheme because Ritz had been granted a dispositional departure. And the court did not find that any of the other exceptions to allow the bypass of intermediate sanctions applied. Thus, the court's ruling relied on an error of law and it is an abuse of discretion.

Ritz overlooks this error of law and instead argues the district court's decision was unreasonable despite the court having statutory authority to revoke his probation because he was granted a dispositional departure. The State in turn argues the district court's decision was reasonable because the court had statutory authority to revoke Ritz' probation since he was granted a dispositional departure. Neither acknowledge *Coleman*.

Typically, we consider an issue not briefed waived or abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). But here, both parties' arguments rely on a false assumption—that the court had statutory authority to revoke Ritz' probation based on a dispositional departure. It did not.

Reversed and remanded for a new probation violation hearing.