NOT DESIGNATED FOR PUBLICATION

No. 123,493

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADRIAN ALLEN SINGLETON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed June 18, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., POWELL and WARNER, JJ.

PER CURIAM: Adrian Allen Singleton appeals the district court's revocation of his probation and the imposition of his underlying prison sentence. We granted Singleton's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. After a review of the record, we affirm.

Pursuant to a plea agreement with the State, Singleton pled no contest to a single amended count of distribution of methamphetamines, a severity level 4 drug felony, a crime he committed on August 8, 2016. At the sentencing hearing on January 17, 2017, the district court sentenced Singleton to a presumptive sentence of 34 months in prison but granted him probation from that sentence for 24 months.

1

On October 26, 2017, the district court reviewed a violation of Singleton's probation; the district court imposed no sanctions and continued his probation. On April 13, 2018, the State alleged Singleton had violated his probation by failing to report. At the probation violation hearing held on July 24, 2018, the district court imposed a 120-day intermediate prison sanction and extended Singleton's probation for 24 months. Subsequently, Singleton was placed in drug court but violated its terms and conditions; on May 20, 2020, the district court extended his probation until November 20, 2020. On July 15, 2020, because Singleton again violated his probation by drinking at a local bar, he was given a seven-day jail sanction by the district court.

The State sought to revoke Singleton's probation on November 9, 2020, alleging Singleton had violated the terms and conditions of his probation by, among other things, committing a new crime of reckless driving and testing positive for illegal drugs. At the probation violation hearing held on November 16, 2020, Singleton admitted to all the violations except the reckless driving allegation; as a result, the district court revoked his probation and ordered that he serve his underlying prison sentence.

Singleton's sole argument on appeal is that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Singleton bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2016 Supp. 22-3716. At the time

2

Singleton committed his crime, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2016 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). Intermediate sanctions included a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2016 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction had been imposed. K.S.A. 2016 Supp. 22-3716(c)(1)(E).

It appears undisputed that Singleton received his intermediate sanctions before his probation was revoked as Singleton's appellate counsel fails to make any argument questioning the district court's legal authority to revoke Singleton's probation. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned). As to the wisdom of the district court's decision to revoke Singleton's probation and impose his underlying prison sentence, we see no abuse of discretion. Given Singleton's repeated probation violations and continued use of drugs, we have no problem concluding that the district court's decision was a reasonable one.

Affirmed.