NOT DESIGNATED FOR PUBLICATION

No. 123,217

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN L. BROWN,
*Appellant*,

v.

DARIN YOUNG, Warden,
and
STATE OF KANSAS,
*Appellees*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed October 1, 2021. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM:  The district court summarily dismissed Kevin L. Brown's second K.S.A. 60-1507 motion as untimely. On appeal, he claims the district court erred in finding he failed to meet his burden to show manifest injustice to extend the time to file a K.S.A. 60-1507 motion. Brown's arguments are not persuasive. We affirm.

1

FACTS

Brown was convicted by a jury of felony murder in the first degree, aggravated burglary, and aggravated assault in 2011.

Brown was sentenced in December 2011 to life imprisonment for his off-grid felony-murder conviction with a consecutive sentence of 12 months' imprisonment for the aggravated assault conviction. The district court also imposed a sentence of 120 months' imprisonment for his aggravated burglary conviction concurrent to his sentence for felony murder. In 2013, before Brown's direct appeal became final, he was transferred to a penitentiary in South Dakota through an interstate compact agreement. Our Supreme Court affirmed Brown's convictions and sentences on appeal. *State v. Brown*, 299 Kan. 1021, 1038, 327 P.3d 1002 (2014). The mandate was issued on July 28, 2014.

In July 2016, Brown filed his first pro se K.S.A. 60-1507 motion asserting ineffective assistance of appellate counsel, followed by a "Motion for Extension to submit Motion for Ineffective Assistance of Counsel and to Appoint Counsel." Brown contended he was having "complex issues with the South Dakota prison legal aid." Brown asserted the legal aid office assistant was unable to help him, did not know Kansas law, and recommended he consult a Kansas attorney. Brown specifically stated he had "not been able to file in a timely fashion due to the chaos of being shuffled from administrative segregation in El Dorado, [Kansas] without [his] property to an entirely different state penitentiary system in South Dakota with no access to the courts."

The district court determined oral argument was not necessary or helpful and it lacked jurisdiction to rule on Brown's motion. Another panel of this court dismissed Brown's appeal for lack of jurisdiction because he did not file his notice of appeal within 30 days. *State v Brown*, No. 118,800, 2019 WL 405741, at *3 (Kan. App. 2019)

(unpublished opinion). Our Supreme Court denied Brown's petition for review, and the mandate was issued on October 24, 2019.

On May 8, 2020, Brown filed a second K.S.A. 60-1507 motion for postconviction relief, which is the subject of this appeal. Brown's current motion repeats his allegations of ineffective assistance of appellate counsel for failure to argue the district court erred in refusing to include a request for a jury instruction on lesser included offenses under *State v. Berry*, 292 Kan. 493, 254 P.3d 1276 (2011). Brown also asserted the district court erred in allowing a codefendant's statements to be read to the jury without an opportunity to confront the author of the statements. Brown requested the district court hold an evidentiary hearing, allow him to amend his motion after the district court appointed counsel, and requested the district court order his release, finding his convictions invalid and unconstitutional. Brown also sent a letter with his motion explaining he was still in a South Dakota prison and the law library lacked access to Kansas legal materials.

The State responded, arguing Brown's motion was untimely. The district court issued an order summarily denying Brown's second K.S.A. 60-1507 motion as untimely, finding Brown failed to meet his burden to establish manifest injustice to relieve him of the one-year time limit.

BROWN'S K.S.A. 60-1507 MOTION IS UNTIMELY

Brown admits his current pro se K.S.A. 60-1507 motion is untimely. Brown then explains he has been residing in a South Dakota prison as part of an interstate compact arrangement and "was unaware of the strict limitations of Kansas law, specifically K.S.A. 60-1507 rules." Yet, he filed his first K.S.A. 60-1507 motion in 2016 making the same claims he makes with this motion. As previously mentioned, another panel of this court affirmed the district court's dismissal of Brown's 2016 K.S.A. 60-1507 motion because he

3

failed to timely file his notice of appeal. Now, almost four years later, he has filed his second untimely K.S.A. 60-1507 motion.

A district court must dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines the time limitation has been exceeded and dismissing the motion would not equate to manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(3).

To determine whether the one-year time limitation may be extended, we need only consider why Brown failed to timely file his motion. Brown asserts his untimeliness is attributable to a lack of access to Kansas law, lack of access to a law library, and lack of access to any "rules, dictionaries, law books, [or] legal reference books." The district court was to construe Brown's pro se pleadings liberally. See *State v. Ditges*, 306 Kan. 454, 457, 394 P.3d 859 (2017).

The law is clear under K.S.A. 2020 Supp. 60-1507(f)(2) that the one-year time limitation may only be extended to prevent manifest injustice. A movant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). To find manifest injustice, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). Brown also admits on appeal he did not make an actual innocence claim before the district court and, therefore, waives such argument. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) ("'An issue not briefed by an appellant is deemed waived or abandoned.'").

Our court has consistently determined limited access to a law library is insufficient to establish manifest injustice and excuse a movant's failure to abide by the one-year

filing deadline provided under K.S.A. 60-1507(f). See *Milton v. State*, No. 119,821, 2019 WL 2553529, at *4 (Kan. App. 2019) (unpublished opinion); *Conley v. State*, No. 111,777, 2015 WL 7434746, at *4 (Kan. App. 2015) (unpublished opinion); *Roediger v. State*, No. 107,746, 2013 WL 1688890, at *3 (Kan. App. 2013) (unpublished opinion); *Williams v. State*, No. 101,359, 2010 WL 174011, at *3 (Kan. App. 2010) (unpublished opinion).

Brown claims he was unable to timely file this motion because he was unaware of the strict limitations of Kansas law and was severely restricted access to proper resources are not persuasive. The record reflects Brown filed a motion for a new trial, a motion to set aside his verdict and vacate his sentence, and a prior K.S.A. 60-1507 motion all before he filed his current K.S.A. 60-1507 motion. Based on the motions Brown filed with the district court, it is apparent he was able to access Kansas courts. Brown continued to make the same arguments in each motion and did not advance any new arguments. The district court denied each motion.

The district court found Brown's first K.S.A. 60-1507 motion to be untimely. With respect to the second 60-1507 motion, the district court specifically explained:

> "The Movant states in his motion that he made multiple requests of [appellate counsel] to include the omitted arguments in the appellate briefing. The Movant references to arguments he had with [appellate counsel] about including these issues in the appellate briefing. Thus, the Movant was aware that these arguments had been left out of the appellate briefing early on—certainly he would have been aware that the arguments had not been included by the time the Kansas Supreme Court issued its opinion. The Movant does not attempt to explain why the instant motion could not have been filed within the [one-year] time limit."

A thorough review of the motion, files, and case records conclusively shows Brown's argument alleging severely restricted access to a law library and Kansas legal

resources does not amount to manifest injustice. Brown failed to affirmatively assert manifest injustice to extend the one-year time limitation and is procedurally barred from making such claim. Accordingly, the district court did not err in summarily denying Brown's K.S.A. 60-1507 motion as untimely.

Affirmed.