NOT DESIGNATED FOR PUBLICATION

No. 123,646

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RHEUBEN JOHNSON,
*Appellant*,

v.

BRANDON RUIZ and DAN SCHNURR, WARDEN,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE, judge. Opinion filed October 8, 2021. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, Kansas Department of Corrections, for appellees.

Before GREEN, P.J., CLINE, J., and BURGESS, S.J.

PER CURIAM: Rheuben Johnson, an inmate at the Hutchinson Correctional Facility, filed a mandamus action, complaining that the prison officials must return the entire Form 9—an "offender request form"—to him. The district court dismissed Johnson's mandamus action, holding that no ministerial duty was identified in the petition, nor did the district court locate any such ministerial duty to return the Form 9 to Johnson after the request on the Form 9 was answered. After review of the record on appeal, we affirm the district court's dismissal of Johnson's petition for a writ of mandamus.

FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2020, Johnson filed a pro se Petition for Writ of Mandamus. In that petition he alleged he had sent Form 9s, which is a form used by prisoners to communicate with prison staff, to the correctional facility staff and that staff had failed to return the entire Form 9 to him. He alleged there were 12 instances in which prison officials failed to return the Form 9 to him or failed to return the entire Form 9 back to him as required.

He argued that K.A.R. 44-15-101(f) states no staff member shall refuse to sign, date, and return an inmate request form to an inmate. He also alleged that the form being referenced in K.A.R. 44-15-101(f) is a Form 9. He elaborated an inmate's "ownership" of a Form 9 is established in K.A.R. 44-15-102(b)(3)(C), which states in all cases the original and one copy of the grievance form shall be returned by the warden to the inmate. He again claimed that Form 9s fall under K.A.R. 44-15-102(b)(3)(C).

Johnson alleged that prison officials violated K.A.R. 44-15-101(f) and K.A.R. 44-15-102(b)(3)(C) by only returning a portion of the Form 9 to him. He alleged that when he complained to prison officials that the entire form was not returned to him, he was told he could make a copy of the form for himself.

Johnson alleged he could not file grievances regarding the failure to return the entire Form 9 because on December 20, 2019, Brandon Ruiz, Unit Team staff at Hutchinson Correctional Facility, threatened Johnson stating that if he wrote anymore grievances Ruiz would write a disciplinary report against him and fine him. Johnson also claimed he was threatened that if he filed any more grievances, he would never be moved to the "East Unit," which he alleges is a better facility, or that he would never leave the prison alive. Johnson alleges he reported these threats on a Form 9 to the warden and the

2

Secretary of Corrections. After he received no reply, he wrote to the warden to determine if he could file more grievances, to which the warden replied, "No."

Under these circumstances, Johnson argues a writ of mandamus is his only adequate remedy. He asserts that he could neither file a grievance and take it through the proper administrative steps nor, thereafter, file a K.S.A 60-1501 petition. Nevertheless, Johnson argues his petition for a writ of mandamus could be viewed as a K.S.A. 60-1501 petition because prison officials took his property (his Form 9s). He claims he exhausted his administrative remedies as best he could under the circumstances of the threats against him. However, these issue are not briefed on appeal so we will not consider them. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding an issue not briefed is deemed waived or abandoned).

Johnson asserted he was harmed by the refusal to return the entire Form 9 because of the delay caused due to him having to get library time to make a copy and the money needed to make a copy of the form himself. He states that it also made it impossible to file a grievance since a grievance required him to have the entire Form 9. Lastly, he alleged by refusing to return the whole Form 9, prison officials made it impossible for him to show a district court the problems inmates were facing at the Hutchinson Correctional Facility.

Ruiz filed a response to Johnson's petition and moved it should be dismissed because a mandamus action was not appropriate under the facts as there was no clear ministerial duty for the respondents to perform, and Johnson failed to identify any specific statute the respondents failed to follow. It was claimed that Johnson did not state a claim for which relief could be granted. It was also argued that while Johnson had pled exhaustion of administrative remedies, he had failed to attach proof of his exhaustion of administrative remedies.

3

On June 3, 2020, the district court held a nonevidentiary hearing at which Johnson and Ruiz appeared via Zoom. Ruiz argued that Johnson had the right to make a copy of the full Form 9 if he wanted to or he could have made a handwritten copy of it. Johnson argued there was a ministerial duty set out in the K.A.R.s that he highlighted in his petition.

After hearing the arguments, the district court dismissed Johnson's petition, finding there was no case for which mandamus could be ordered. The district court found Johnson neither pled nor established any ministerial duty required to be followed. Further, the district court held Johnson alleged no actual prejudice to him. Specifically, the district court held in its written order:

"Petitioner is an inmate in the custody of the Kansas Secretary of Corrections. A primary communication used by inmates to write to staff is called a 'Form 9.' The form is printed on an 8 ½ by 11 inch paper and is perforated so it can be torn into three pieces. The top piece is a receipt the inmate can have signed by staff and retained by the inmate. It has the legend on it 'To be retained by inmate.' The middle part contains the statement of the inmate's issue and a response by the appropriate party. The bottom part contains an identical space for the answer in the middle part to be copied onto it. This part contains the legend 'to be returned to inmate.'

"Petitioner asks the Court to mandate that respondent return to petitioner the entire document rather than just the portion at the bottom of the page with the legend 'to be returned to inmate.'

"The Hutchinson Correctional Facility General Order 01-101 describes the use of the Form 9 and contains the entire form. The policy does not mandate that the entire document be returned to petitioner.

"The grievance policy, K.A.R. 44-15-l0l(f) is argued by petitioner to apply to the Form 9 and directs in relevant part that 'No staff member shall refuse to sign date and return an inmate request form . . . .' Petitioner argues the inmate request form is obviously

4

the Form 9. Assuming that to be the case, which is not at all clear, and assuming the grievance regulation applies to the Form 9, this appears to relate to the signing, dating and return of the document to the inmate, but says nothing about the answer process nor about what part must be returned to petitioner.

"The Court agrees with respondent that petitioner has failed to identify any clear ministerial duty on the part of respondent to return the entire document to respondent after it has been answered. The document quite clearly is designed to have the answer written on the middle portion which is retained by the staff person filling it out and a duplicate answer written on the bottom part, which is designed to be torn off and returned to the inmate. The inmate can hand write a copy of the entire [F]orm 9 or can have it copied by staff so he has a complete copy. It should also be noted that petitioner has not identified any real disadvantage to receiving only the bottom portion of the form, given the apparent options to duplicate the content of his query should he wish to do so.

"Petitioner has failed to state an action in mandamus and the petition is dismissed."

Johnson filed a timely notice of appeal.

ANALYSIS

Johnson argues the district court erred in dismissing his petition for a writ of mandamus because K.A.R. 44-15-101(f) requires that the prison official return the entire Form 9 to him, not just the bottom portion of the form. Ruiz argues the district court correctly dismissed the action because Johnson points to no ministerial duty to return the entire Form 9 to an inmate.

This court has unlimited review over the dismissal of a writ of mandamus action. See *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 443, 172 P.3d 1154 (2007) ("'Whether mandamus lies is dependent upon an interpretation of the applicable procedural and substantive statutes, over which this court has unlimited review.'").

5

Per K.S.A. 60-801, "[m]andamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." Mandamus actions are not appropriate in every case. "'Mandamus is a proceeding designed for the purpose of compelling the performance of a clearly defined duty, not involving the exercise of discretion, by a person or corporation whose duty arises out of a trust relationship, or a public or corporate responsibility.'" *Bodine v. Osage County Rural Water Dist. No. 7*, 263 Kan. 418, 429, 949 P.2d 1104 (1997) (quoting *Mobil Oil Corporation v. McHenry*, 200 Kan. 211, 430, 436 P.3d 982 [1968]).

Johnson argues that prison officials have a legal duty to return the entire Form 9 to him after he submits the grievance form under K.A.R. 44-15-101(f) and K.A.R. 44-15-102(b)(3)(C).

K.A.R. 44-15-101(f) states, "No staff member shall refuse to sign, date, and return an inmate request form, an inmate grievance form, or a grievance receipt slip showing that the inmate came to that person for assistance." K.A.R. 44-15-102(b)(3)(C) requires:

> "In all cases, the original and one copy of the grievance report shall be returned by the warden to the inmate. The copy shall be retained by the inmate for the inmate's files. The original may be used for appeal to the secretary if the inmate desires. The necessary copies shall be provided by the warden."

A threshold question, which Johnson fails to answer, is whether the regulations he cites cover a Form 9. The regulations in question clearly cover grievance forms but nothing in the language of the regulations refers to or describes a Form 9. Within the prison, Form 9s are not referred to as grievance forms. The prison's General Orders state

6

that a Form 9 is to be used to achieve the policy of "develop[ing] and maintain[ing] open lines of communication between all levels of staff and the offender population . . . ." There are separate and specific procedures for grievance forms.

Johnson makes the unsupported conclusion that a Form 9 is a grievance form contemplated by the quoted regulations. Johnson points to no authority that Form 9s are the grievance forms regulated under K.A.R. 44-15-101 and K.A.R. 44-15-102. Failure to support a point with pertinent authority is akin to failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018). Johnson has failed to establish any ministerial duty that would require the prison officials to respond in the manner claimed by Johnson nor any legal authority the respondents are required to follow.

The district court properly dismissed Johnson's petition for a writ of mandamus.

Affirmed.