NOT DESIGNATED FOR PUBLICATION

No. 124,005

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF EMPORIA,
*Appellee*,

v.

TATUM GUYER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed April 1, 2022.
Affirmed.

*James Bordonaro*, of Emporia, for appellant.

*Brandy Roy-Bachman*, municipal prosecutor, City of Emporia, for appellee.


Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.


PER CURIAM: Tatum Guyer appeals the trial court's decision to convict her of domestic battery in violation of K.S.A. 2020 Supp. 21-5414(a). Guyer, whose case originated in municipal court, argues that the trial court lacked jurisdiction to convict her of K.S.A. 2020 Supp. 21-5414(a) because K.S.A. 2020 Supp. 12-4104(a)—the statute controlling municipal court jurisdiction—barred the City of Emporia from prosecuting her for violating a state statute. Nevertheless, because Guyer's argument is unpersuasive, we affirm her domestic battery conviction.

1

On March 19, 2019, police were dispatched to Guyer and her boyfriend Jacob Slater-Figueroa's apartment. Once there, Guyer told the police that she and Slater-Figueroa had been in an argument, which escalated into a physical conflict. She alleged that during the argument, Slater-Figueroa pushed her when she asked him to leave. She also admitted that after he pushed her, she pushed him back while pulling his hair. During his police interview, though, Slater-Figueroa asserted that Guyer started the fight by trying to take his phone charger from his hands as he was leaving their apartment. He told the police that he responded by pushing Guyer off him. But Guyer, in turn, responded by pushing him, punching him, hitting his face, and scratching his face.

In the end, the police arrested Guyer for domestic battery. And ultimately, the arresting officer completed Guyer's Uniform Complaint and Notice to Appear for Emporia's municipal court. This complaint stated that Guyer was charged with domestic battery contrary to K.S.A. 2020 Supp. 21-5414(a).

Several days after her arrest, to avoid prosecution, Guyer entered into a diversion agreement with the City. This diversion agreement stated that Guyer was charged with domestic battery contrary to City Ordinance, Chapter No. 16, Section 54a. See Code § 16-54(b). It stated that Guyer "stipulate[d] to the facts contained in [her] complaint and the police reports." It explained that if Guyer violated her diversion agreement, the City would prosecute her "on the record of the stipulation of facts." It further stated the following:  (1) that Guyer had read the diversion agreement, (2) that the diversion coordinator had explained the diversion agreement to Guyer, and (3) that the municipal court had explained Guyer's charge, possible penalties, and rights to Guyer.

About a year later, the City moved to revoke Guyer's diversion based on her failure to complete certain diversion conditions. Eventually, the municipal court held a

hearing on the City's revocation motion, where Guyer stipulated to violating her diversion agreement. Afterwards, the municipal court found Guyer guilty under Code § 16-54, relying on Guyer's stipulation to the facts contained in the police report as the factual basis for her conviction.

Guyer appealed her domestic battery conviction to the Lyon County District Court. There, Guyer complained that her municipal court complaint needed amending because it charged her with violating K.S.A. 2020 Supp. 21-5414(a)—a state statute. In support of her argument, Guyer alleged that municipal courts may convict people of violating only municipal ordinances. Guyer also made several arguments about why enforcing her diversion agreement was unfair under the facts of her case. In doing so, she complained that the trial court should not rely on stipulated facts that she and the City agreed to under her diversion agreement when conducting her de novo trial on appeal. The City countered that the trial court had jurisdiction over Guyer's appeal because Guyer's diversion agreement and other court filings listed Guyer as violating Code § 16-54. The City argued that given those documents, Guyer had adequate notice of her domestic battery charge. Additionally, it asserted that Guyer's argument was otherwise baseless because Guyer's diversion agreement stated that any future criminal proceedings would be conducted on the record of the previously agreed stipulated facts.

Before holding Guyer's trial, the trial court issued a memorandum decision that addressed many of Guyer's outstanding arguments. In it, it rejected Guyer's argument that she was not bound by her stipulated facts before the municipal court during her de novo trial on appeal because this contradicted the plain language of her diversion agreement. But it did not directly address Guyer's argument about the adequacy of her municipal court complaint. Rather, it ruled:

"This Court is not unmindful that [Guyer] has made numerous arguments which have not been directly addressed in this decision. Suffice it to say, however, this Court has addressed those which appeared to merit consideration."

In any case, after issuing this memorandum decision, the trial court held a de novo trial based on stipulated facts over Guyer's objection. Although Guyer's diversion agreement provided that Guyer "stipulate[d] to the facts contained in [her] complaint and the police reports," Guyer and the City agreed on new stipulated facts before her de novo trial. Relying on those new stipulated facts, the trial court rejected Guyer's argument that she was not guilty of domestic battery because she acted in self-defense for the following reasons:

"The question for a judge in a case of this type is whether the City has met its burden to prove all of the evidence of the crime charged beyond a reasonable doubt. The crime of domestic battery requires proof of several elements. And while, generally, a Court is only required to render a verdict of either guilty or not guilty, I'll make some comment about those elements.

"Element Number 1 requires the City to prove beyond a reasonable doubt that [Guyer] knowingly caused bodily harm to Mr. Slater-Figueroa or that [Guyer] knowingly caused physical contact with Mr. Slater-Figueroa in a rude, insulting, or angry manner.

"The next element of it is, is that [Guyer] and Mr. Slater-Figueroa were family or household members as defined by law or that they were involved in a dating relationship. The definition of family or household member includes persons 18 years of age or older, who are spouses, former spouses, parents, or stepchildren, and persons who are presently residing together or who have resided together in the past. There is no doubt in my mind that these two parties were considered to be household members at on or about the time of the act complained about by the City.

"The photographs here would demonstrate to the Court that there was some physical harm caused to Mr. Slater-Figueroa, although, somewhat minor in nature, more in the nature of red marks as opposed to any type of lacerations, cuts, or any other type of obvious injury.

"Under the circumstances here, I think probably the Stipulation of Fact Number 22 probably pretty much controls the outcome of the case. While [Guyer] argues that self-defense might be an appropriate act, that self-defense defense requires only or allows only the type of force that would be allowed to repel an attacker and does not allow an individual to continue a confrontation once there has been a separation. And Stipulation Number 22 indicates that after the parties had separated, and as Mr. Slater-Figueroa went to the front door, Ms. Guyer then grabbed him by the hair to prevent him from leaving and started to punch him in the face. There is nothing about that set of facts that would indicate that this was purely a self-defense situation. And while you might consider everything up to that point in time to be a situation of where you could excuse her conduct as self-defense, the initiation of new contact is not self-defense.

. . . .

"Accordingly, I think the evidence here, Number 1, supports both alternatives as to how to prove the crime of . . . domestic battery. First of all, there is the obvious bodily harm, as reflected in the photograph. Secondly, the other alternative is, is that there was simple, physical contact in a rude, insulting, or angry manner. No question in my mind about that either. The only question here, was it knowingly? And I think from the evidence presented, it's pretty obvious that her . . . conduct was knowingly in all respects. Therefore, it's my decision that Ms. Guyer is found guilty of the offense of domestic battery as charged by the City of Emporia in the commencement of the case."

Then, the trial court remanded Guyer's case to the municipal court for sentencing. Before this remand occurred, however, Guyer timely appealed the trial court's decision to this court.

ANALYSIS

On appeal, Guyer contends that the trial court wrongly convicted her of domestic battery because it, like the municipal court, lacked jurisdiction to do so. According to Guyer, "because K.S.A. 12-4104(a) does not authorize the prosecution of state statutes in municipal courts," the trial court also lacked jurisdiction to convict her of domestic battery under K.S.A. 2020 Supp. 21-5414(a). In effect, Guyer argues that because her

5

municipal court complaint charged her with a crime that was not a crime under Emporia's municipal code, neither it nor the trial court had jurisdiction to convict her of that improperly charged crime. She also argues that the municipal court complaint was defective because Code § 16-54(b) and K.S.A. 2020 Supp. 21-5414(a) have different elements.

Originally, in a related alternative argument, Guyer contended that we should reverse her domestic battery conviction because the City presented evidence that she only knowingly battered Slater-Figueroa under K.S.A. 2020 Supp. 21-5414(a). But Guyer abandoned this argument when we granted her motion to file a corrected brief. So, we do not consider this argument below. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding that an issue not briefed is deemed waived and abandoned).

Additionally, we decline to consider the new statutory construction arguments Guyer has raised in her so-called corrected brief. Guyer asked this court for permission to file a corrected brief because she realized that her alternative argument—the argument that she has abandoned in her corrected brief—clearly contradicted Code § 16-54's plain language. We granted Guyer's motion to file a corrected brief for this limited purpose. We did not grant Guyer's motion so she could amend her argument about K.S.A. 2020 Supp. 12-4104(a) not allowing municipal courts to prosecute state statutes.

As for the arguments properly before us, the City concedes that Guyer's complaint alleged that Guyer had violated K.S.A. 2020 Supp. 21-5414(a). Even so, the City argues that Guyer's jurisdiction argument is baseless because the municipal court amended Guyer's domestic battery charge to a violation of Code § 16-54(b) before Guyer entered her diversion agreement. In making this argument, the City contends that some municipal court journal entries are missing from the record on appeal. Notwithstanding this problem, the City asserts that the documents included in the record on appeal prove that

6

Guyer's charge was amended and that Guyer otherwise had notice that she was entering a diversion agreement to avoid conviction of domestic battery under Code § 16-54.

Questions concerning charging document errors involve questions of law over which we exercise unlimited review. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016). Although Guyer contends that her municipal court complaint's alleged inadequacies caused the trial court to lack jurisdiction, our Supreme Court has held that charging document defects do not destroy the existence of subject matter jurisdiction. 304 Kan. at 815-16. Instead, when defendants allege that their charging document failed to state facts constituting a crime, they raise a statutory error that implicates but does not deprive a court of jurisdiction. 304 Kan. at 816.

Still, such charging document errors are serious because the charging document must give a defendant adequate notice of all charged crimes. 304 Kan. at 816. In cases where the charging document fails to state facts constituting a crime, our Supreme Court has held that a defendant's disputed conviction must be reversed unless the government proves the following: (1) that the defendant failed to preserve his or her argument for appeal, (2) that the charging document error was technical or inadvertent as stated under K.S.A. 60-2105, or (3) that the charging document error was harmless as stated under K.S.A. 60-261. *Dunn*, 304 Kan. at 816-17. Under K.S.A. 60-2105, "mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining," based on a review of the record as a whole, are not sufficient basis for reversal on appeal when "substantial justice has been done by the judgment or order of the trial court."

But there are some problems with Guyer's argument. To begin with, Guyer has not established that her municipal court case violated K.S.A. 2020 Supp. 12-4104. Statutory interpretation is a question of law over which this court exercises unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 2020 Supp. 12-4104(a)(2) states:

"(a) The municipal court of each city shall have jurisdiction to hear and determine cases involving violations of the ordinances of the city, *including concurrent jurisdiction to hear and determine a violation of an ordinance when the elements of such ordinance violation are the same as the elements of a violation of one of the following state statutes and would constitute, and be punished as, a felony if charged in district court*:

. . . .

(2) *K.S.A. 2020 Supp. 21-5414, and amendments thereto, domestic battery*." (Emphases added.)

So, contrary to Guyer's argument, K.S.A. 2020 Supp. 12-4104 does not bar the municipal court from hearing any cases involving violations of state crimes. Instead, the plain language of K.S.A. 2020 Supp. 12-4104 establishes that the municipal court has jurisdiction over a defendant's domestic battery charge when that defendant's domestic battery charge would constitute a felony if originally charged in the trial court. And to determine whether a defendant's domestic battery charge would constitute a felony if originally charged in the trial court, we must know whether the defendant has previously committed a domestic battery. See K.S.A. 2020 Supp. 21-5414(c)(1).

In this case, though, Guyer has *never* argued that her domestic battery would not have been charged as a felony if originally charged in the trial court. See *Arnett*, 307 Kan. at 650 (holding that an issue not briefed is deemed waived and abandoned). Also, she has not included any information about her criminal history in the record on appeal. See *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017) (holding that the appellant carries the burden of designating a record on appeal that establishes his or her claim or error). Therefore, neither Guyer's argument nor her record on appeal support her claim that the municipal court had no authority to convict her of domestic battery under K.S.A. 2020 Supp. 21-5414(a).

8

To the extent Guyer argues that the plain language of K.S.A. 12-4104 required the municipal court complaint to expressly charge her with Code § 16-54(b) instead of K.S.A. 2020 Supp. 21-5414(a), there are other problems with this argument. For starters, although Guyer references Emporia's domestic battery ordinance, she never analyzes it in her brief. Likewise, she never challenges the fact that other filings associated with her case stated that she was charged under Code § 16-54 generally, instead of the subsection of the code that specifically criminalizes domestic battery—Code § 16-54(b). Also, the fact that other filings indicate that she was charged with some version of Code § 16-54 tends to support the City's contention that the municipal court amended Guyer's charge at some point. In summary, because Guyer's argument hinges on whether her municipal court complaint was defective for charging her with domestic battery under K.S.A. 2020 Supp. 21-5414(a) instead of Code § 16-54(b), Guyer's failure (1) to address why Code § 16-54 was cited in some of her municipal court documents below and (2) to analyze why Code § 16-54(b)'s plain language supports her argument on appeal is fatally flawed. See *Arnett*, 307 Kan. at 650 (holding that an issue not adequately briefed by an appellant are deemed waived and abandoned).

Yet, notwithstanding this problem, Guyer's argument ignores that Code § 16-54(b) and K.S.A. 2020 Supp. 21-5414(a) are identical. Under of Code § 16-54(b)(1), a person commits domestic battery by "[k]nowingly or recklessly causing bodily harm to a person with whom the offender is involved or has been involved in a dating relationship or a family or household member." This language mirrors K.S.A. 2020 Supp. 21-5414(a)(1). Under Code § 16-54(b)(2), a person commits domestic battery by "[k]nowingly causing physical contact with a person with whom the offender is involved or has been involved in a dating relationship or a family or household member when done in a rude, insulting or angry manner." This language mirrors K.S.A. 2020 Supp. 21-5414(a)(2). As a result, even if we assumed that the municipal court complaint was defective for citing K.S.A. 2020 Supp. 21-5414(a) instead of Code § 16-54(b), any error within the complaint was inadvertent and harmless. Because the two domestic battery provisions have identical

language, it necessarily follows that this alleged defect had no effect on Guyer's substantial rights.

Affirmed.